926 N.E.2d 524 (2010)
In re the Matter of 2007 TAX SALE IN LAKE COUNTY, Indiana.
Ralph Hullett, CJR Homes, Appellant-Petitioner,
v.
James E. LaFevre, et al., Appellees-Respondents.
No. 45A03-0909-CV-442.
Court of Appeals of Indiana.
May 14, 2010.
*525 Gregory S. Reising, Gary, IN, Attorney for Appellant.
Patrick A. Schuster, David E. Braatz, Crown Point, IN, Attorneys for Appellees.

OPINION
SHARPNACK, Senior Judge.

STATEMENT OF THE CASE
Appellants Ralph Hullett and CJR Homes (collectively, Hullett) appeal from the trial court's grant of Appellees James E. LaFevre and Jeremy B. LaFevre's (the LaFevres) Motion to Set Aside the Order Directing the Auditor to Issue a Tax Deed (Motion).[1] We affirm.

ISSUES
Hullett raises three issues, which we consolidate and restate as whether the trial court abused its discretion by granting the LaFevres' Motion.

FACTS AND PROCEDURAL HISTORY[2]
Prior to the tax sale at issue in this appeal, the LaFevres owned three contiguous parcels of real estate in Lake Station, Indiana, with a common street address of 2102 Fairview Street. The parcels had key numbers of XX-XX-XXXX-XXX (Parcel *526 006), XX-XX-XXXX-XXX (Parcel 007), and XX-XX-XXXX-XXX (Parcel 008).[3] A single family home is located on Parcels 007 and 008, and an outbuilding is located on Parcels 006 and 007.
At the time of the tax sale, the Auditor's mailing address of record for Parcels 007 and 008 was the parcels' joint street address, 2102 Fairview Street, Lake Station, Indiana. The Auditor's mailing address of record for Parcel 006 was 73 700 West Street, Valparaiso, Indiana. The address of record for Parcel 006 was changed from the Lake Station address to the Valparaiso address on May 15, 2002. The record does not indicate whether the LaFevres requested the address change.
The LaFevres remained current on the property taxes for Parcel 006, but they failed to pay the property taxes due on Parcels 007 and 008 for several years. Consequently, the Auditor scheduled Parcels 007 and 008 to be sold at a tax sale. On May 11, 2007, the Auditor sent notices of the tax sale to the LaFevres via certified mail at the joint address of record for Parcels 007 and 008, which was 2102 Fairview Street, Lake Station, Indiana. The notices came back to the Auditor marked "not deliverable as addressed[,] unable to forward." Tr. Exhibit Volume, Respondent's Exhibit C.
On July 10, 2007, Hullett purchased Parcels 007 and 008 at a tax sale. On January 18, 2008, Hullett sent a notice of the right to redeem Parcels 007 and 008 to the LaFevres at the Auditor's joint address of record for those parcels, 2102 Fairview Street, Lake Station, Indiana, by certified mail and by standard first-class mail. The post office returned the notice sent certified mail with a notation stating, "Forwarding Order Expired." Tr. Exhibit Volume, Petitioner's Exhibit 1.
Next, Hullett filed a petition with the trial court to direct the Auditor to issue tax deeds for Parcels 007 and 008. On April 29, 2008, Hullett sent a notice of the filing of the petition to the LaFevres at the Auditor's joint address of record for the parcels, 2102 Fairview Street, Lake Station, Indiana, by certified mail and standard first-class mail. The post office returned both notices. The post office put a note on the notice sent by certified mail stating, "Forwarding Order Expired." Tr. Exhibit Volume, Petitioner's Exhibit 4. The post office put a note on the notice sent by standard first-class mail stating, "not deliverable as addressed[,] unable to forward." Id.
On May 30, 2008, a magistrate held a hearing and granted Hullett's petition for tax deeds, subject to the Circuit Court judge's approval.
After the May 30, 2008 hearing, but before the issuance of tax deeds, Hullett began to rehabilitate the house located on Parcels 007 and 008. During this period, the LaFevres discovered that Hullett was working on the house.
On July 22, 2008, the trial court approved the magistrate's recommendation and ordered the issuance of tax deeds for Parcels 007 and 008. On July 31, 2008, the LaFevres filed their Motion. After a hearing, the trial court granted the LaFevres' Motion and set aside the order directing the Auditor to issue tax deeds to Hullett for Parcels 007 and 008. Hullett filed a motion to correct error, which the trial court denied. This appeal followed.

DISCUSSION AND DECISION
The LaFevres filed their Motion pursuant to Indiana Trial Rule 60(B), and the *527 trial court issued findings of fact and conclusions of law. Our Supreme Court has stated:
The decision of whether to grant or deny a Trial Rule 60(B) motion for relief from judgment is within the sound, equitable discretion of the trial court. We will not reverse a denial of a motion for relief from judgment in the absence of an abuse of discretion. Moreover, where, as here, the trial court enters special findings and conclusions pursuant to Indiana Trial Rule 52(A), our standard of review is two-tiered. First, we determine whether the evidence supports the findings, and second whether the findings support the judgment. The trial court's findings and conclusions will be set aside only if they are clearly erroneous. In reviewing the trial court's entry of special findings, we neither reweigh the evidence nor reassess the credibility of the witnesses. Rather we must accept the ultimate facts as stated by the trial court if there is evidence to sustain them.
Stonger v. Sorrell, 776 N.E.2d 353, 358 (Ind.2002) (citations omitted).[4]
If an owner of real estate fails to pay the property taxes, the property may be sold in order to satisfy the tax obligation. Reeder Assoc. II v. Chicago Belle, Ltd., 778 N.E.2d 828, 831 (Ind.Ct.App. 2002), transfer denied. The tax sale process is purely a statutory creation and requires material compliance with each step of the governing statutes, Indiana Code sections 6-1.1-24-1 through -14 (sale), and 6-1.1-25-1 through -19 (redemption and tax deeds). Reeder, 778 N.E.2d at 831. While the issuance of a tax deed creates a presumption that a tax sale and all of the steps leading up to the issuance of the tax deed are proper, this presumption may be rebutted by affirmative evidence to the contrary. Id.
The tax sale process involves the issuance of three notices to the property owner. The first required notice is the county auditor's notice of tax sale, which is governed by Ind.Code section 6-1.1-24-4. That statute provides, in relevant part:
the county auditor shall send a notice of the sale by certified mail, return receipt requested, to:
(1) the owner of record of real property with a single owner; or
(2) at least one (1) of the owners, as of the date of certification, of real property with multiple owners;
at the last address of the owner for the property as indicated in the records of the county auditor on the date that the tax sale list is certified. In addition, the county auditor shall mail a duplicate notice to the owner of record, as described in subdivisions (1) and (2), by first class mail to the owners from whom the certified mail return receipt was not signed and returned. Additionally, the county auditor may determine that mailing a first class notice to or serving a notice on the property is a reasonable step to notify the owner, if the address of the owner is not the same address as the physical location of the property. If both notices are returned due to incorrect or insufficient addresses, the county auditor shall research the county auditor records to determine a more complete or accurate address. If a more complete or accurate address is found, the county *528 auditor shall resend the notices to the address that is found in accordance with this section. Failure to obtain a more complete or accurate address does not invalidate an otherwise valid sale. The county auditor shall prepare the notice in the form prescribed by the state board of accounts. The notice must set forth the key number, if any, of the real property and a street address, if any, or other common description of the property other than a legal description. The notice must include the statement set forth in section 2(a)(4) of this chapter. The county auditor must present proof of this mailing to the court along with the application for judgment and order for sale. Failure by an owner to receive or accept the notice required by this section does not affect the validity of the judgment and order. The owner of real property shall notify the county auditor of the owner's correct address. The notice required under this section is considered sufficient if the notice is mailed to the address or addresses required by this section.[5]
When tax sale notices are returned in their entirety as undeliverable, it is incumbent as a matter of both federal constitutional and state law that further action be taken to effectuate notice reasonably calculated to apprise an interested party of tax sale proceedings, if it is practicable to do so. Edwards v. Neace, 898 N.E.2d 343, 348 (Ind.Ct.App.2008). Additionally, the auditor is deemed to be aware of the contents of the records maintained in its office, and due process requires the county auditor to search the records that it maintains. Id.
The second required notice is the notice of the right of redemption, which the person who purchases the property at a tax sale sends to the owner of the property. The governing statute, Indiana Code section 6-1.1-25-4.5, provides that a purchaser is entitled to a tax deed to a property that was sold at a tax sale only if "the purchaser ... gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or real property." Furthermore,
[t]he person required to give the notice... shall give the notice by sending a copy of the notice by certified mail to the owner of record at the time of the... sale of the property ... at the last address of the owner for the property, as indicated in the records of the county auditor....
I.C. § 6-1.1-25-4.5(d).
The third required notice is the notice of filing a petition for tax deed, which the person who purchases the property at a tax sale sends to the owner of the property. The relevant statute, Indiana Code section 6-1.1-25-4.6(a), provides,
[a]fter the expiration of the redemption period specified in section 4 of this chapter but not later than six (6) months after the expiration of the period of redemption... the purchaser, the purchaser's assignee, the county executive, or the purchaser of the certificate of sale under IC 6-1.1-24 may ... file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. Notice of *529 the filing of this petition shall be given to the same parties and in the same manner as provided in [I.C. § 6-1.1-25-4.5], except that, if notice is given by publication, only one (1) publication is required.
Title conveyed by a tax deed may be defeated if the three required notices were not issued in substantial compliance with the requirements prescribed by statute. See Ind. Code § 6-1.1-25-16(7); Reeder, 778 N.E.2d at 831.
Here, Hullett contends that there was insufficient evidence to support the trial court's decision to set aside the order directing the Auditor to issue tax deeds for Parcels 007 and 008. Specifically, Hullett asserts that the LaFevres failed to support their Motion by demonstrating at the hearing that they did not have actual notice of the tax sale. Hullett cites to no relevant authority to support his assertion that the LaFevres were required to prove lack of actual notice in order to have the tax deeds set aside, and we have found none. Proof that insufficient notice was given will support invalidation of the tax sale process. It is not the burden of the petitioner to prove lack of actual knowledge. To the extent such knowledge counters insufficiency of required notice, it would be the burden of the respondent to prove such knowledge. Here, Hullett was free to call the LaFevres as witnesses and determine the extent of their knowledge, if any. In addition, in Porter v. Bankers Trust Co. of California, N.A., 773 N.E.2d 901, 908 (Ind.Ct.App.2002), this Court affirmed a trial court's decision to set aside the issuance of tax deeds because the purchaser did not provide the property owners with adequate notice of the filing of a petition for tax deeds, even though the property owners had actual notice of the tax sales. We noted that the purchaser had "wholly failed to send one of the two notices required." Id. The purchaser argued that the property owners' actual knowledge of the tax sales relieved the purchaser of his obligation to provide statutorily required notice to the property owners. Id. We rejected that argument and concluded:
[Purchaser's] arguments amount to a request that we hold that notice under Section 4.6 is unnecessary as long as the property owner or person with a substantial property interest of public record had knowledge that the tax sale occurred. Our legislature has determined that a purchaser must provide notice to the property owner and any person with a substantial property interest of record not only pursuant to section 4.5, but also when the purchaser files a petition for tax deed.
Id. Thus, instead of adopting Hullett's standard of proof, we follow the standard of review set forth above, which is whether the evidence supports the findings and the findings support the judgment.
In McBain v. Hamilton County, 744 N.E.2d 984, 986 (Ind.Ct.App.2001), reh'g denied, the auditor sent a notice of tax sale to the property owners by certified mail at the property's street address. The post office returned the notice with a notation indicating that an order to forward the property owners' mail to their new address had expired. Id. the post office's notation included the property owners' new address. Id. The auditor did not send the notice to the new address. Id. After the property was sold at a tax sale, the property owners discovered the sale and filed a petition to set aside the sale. Id. The trial court denied the property owners' petition, but this Court reversed the trial court's judgment. Id. at 989. We noted that when notice of a tax sale is returned to the auditor, the auditor must review his or her records for alternate addresses for the *530 owner of the property at issue. Id. We also determined that the auditor may only be deemed to be aware of an alternate address found in the auditor's records when the source of the information affirmatively links the alternate address to the owner of the specific property in question. Id. We concluded that when the auditor received the post office's notation with the property owners' new address, the auditor thus had information of a new address that was "unquestionably linked to the [property owners] and to the property in question by virtue of its location on the returned envelope containing the original Notice of Tax Sale." See id. Consequently, the auditor's notice of tax sale failed to provide constitutionally adequate notice. Id.
Subsequently, in Reeder, 778 N.E.2d at 830, a corporation, Chicago Belle, Limited, (Belle), owned real property in Lake County, Indiana. The county auditor's address of record for the property was an office building in Illinois, "c/o Lawrence I. Serlin." Id. at 830-831. Serlin was Belle's registered agent. Id. at 831. The auditor sent property tax bills to the proper address but left Serlin's name off of the address, so the bills were not received. Id. at 830. Belle also failed to receive the notice of tax sale, the notice of the right of redemption, and the notice of petition for tax deed for the same reason. Id. Upon discovering the tax sale, Belle sought to redeem the property. Id. at 831. The trial court granted summary judgment to Belle, voiding the purchaser's tax deed. Id. On appeal, we determined that the auditor was deemed aware of Belle's proper address, including naming Belle's registered agent, because the agent's name was in the auditor's records. Id. at 834. Therefore, we concluded that the auditor was required to include the agent's name on the address of the notice of tax sale that was sent to Belle, and the trial court properly ordered the tax deed set aside for lack of adequate notice. Id. at 834-835.
In this case, the Auditor sent the LaFevres the notices of tax sale for Parcels 007 and 008 via certified mail to the Auditor's address of record for those parcels, 2102 Fairview Street, Lake Station, Indiana. The notices were returned to the Auditor as undeliverable, with no forwarding address. The Auditor did not search its records for any other address. If the Auditor had undertaken a search, it would have discovered that the LaFevres owned Parcel 006, which is contiguous to Parcels 007 and 008 and has the same street address, but a different mailing address, specifically 73C 700 West Street, Valparaiso, Indiana. Furthermore, the Auditor would have discovered that before 2002, Parcel 6 had the same mailing address of record as Parcels 007 and 008. The Auditor is deemed to have been aware of the Valparaiso mailing address for the LaFevres. See Reeder, 778 N.E.2d at 834. Furthermore, like the property owners' addresses in McBain and Reeder, the Valparaiso address was linked to both the LaFevres and to Parcels 007 and 008 due to the three parcels' shared street address and formerly shared mailing address of record. See McBain, 744 N.E.2d at 989; Reeder, 778 N.E.2d at 834-835. Consequently, the evidence supports the trial court's findings regarding the Auditor's notice of tax sale, and the findings support the trial court's conclusion that the Auditor should have searched its records and sent the notice of tax sale to the LaFevres' Valparaiso address. The Auditor and Hullett did not provide constitutionally adequate notice of the tax sale process. Therefore, the trial court did not abuse its discretion by granting the LaFevres' request for relief from judgment pursuant to Indiana Trial Rule 60(B).
*531 Hullett cites Tajuddin v. Sandhu Petroleum Corp. No. 3, 921 N.E.2d 891 (Ind.Ct. App.2010), to support his claim that the LaFevres had sufficient notice of the tax sale. In Tajuddin, the trial court set aside a tax sale for a parcel of land because the trial court concluded that the notices were insufficient and equity required the sale to be set aside. Id. at 893. We noted that appellee Sandhu Petroleum Corp. No. 3 (Sandhu), the property owner, had purchased the parcel and two other contiguous parcels on contract. Id. at 892. However, at the time that the auditor sent out the notice of tax sale for the parcel at issue, Sandhu had not notified the auditor that it was the owner of the other two contiguous parcels. Id. at 893. We determined that although the statutorily required notices did not reach Sandhu regarding the parcel that was sold at a tax sale, there was nothing in the record to give the auditor or the purchaser reason to believe that notice should have been provided to Sandhu via the address for the other two contiguous parcels. Id. Thus, we concluded that the purchaser fulfilled its statutory obligations to provide notice. Id. at 893-894.
By contrast, in this case the Auditor's records indicated that the LaFevres owned Parcel 006 as well as Parcels 007 and 008, and that all three parcels shared a common street address. In addition, all three parcels formerly shared a common mailing address of record. Therefore, if the Auditor had searched its records when the notices of tax sale for Parcels 007 and 008 were returned, the Auditor would have discovered the Valparaiso address and should have sent the notices to that address. For these reasons, Tajuddin is distinguishable.
Hullett also cites Groome v. Donlin Corp., 908 N.E.2d 330 (Ind.Ct.App.2009), to support his claims. In that case, the trial court set aside tax deeds for royalty interests related to oil and gas leases on a parcel of real estate, and the purchaser of the interests appealed. Id. at 333-334. This Court determined, in relevant part, that the owners of the parcel were entitled to notice of the purchase of the royalty interests at a tax sale, and that the purchaser failed to provide sufficient notice. Id. at 337, 338.
In the current case, as in Groome, the property owner failed to receive proper notice of the tax sale process. However, in Groome the adequacy of the notice from the purchaser to the property owner was at issue, and in this case we have determined that the Auditor failed to provide sufficient notice of the tax sale to the LaFevres. Thus, Groome does not compel reversal of the trial court's judgment in this case.
Hullett also argues that the trial court erroneously determined that as the purchaser, he had notification responsibilities to the LaFevres beyond the responsibilities imposed by statute. We have concluded that the trial court properly determined that the Auditor's notice of tax sale to the LaFevres was inadequate. Therefore, we do not address the adequacy of Hullett's notice to the LaFevres of the right of redemption or of Hullett's filing a petition for issuance of tax deed. See McBain, 744 N.E.2d at 989 (reversing due to lack of adequate notice of the tax sale without addressing the adequacy of the notice of the right of redemption or the notice of petition for tax deed).
Finally, Hullett contends that the trial court implicitly penalized him for rehabilitating the house on Parcels 007 and 008 before he received the tax deeds. Although the trial court issued findings regarding Hullett's work on the house, Hullett concedes that the findings are "gratuitous in nature as they do not impact *532 the judgment." Appellant's Brief, p. 17. Consequently, we decline to disturb those findings.

CONCLUSION
For these reasons, we affirm the trial court's grant of the LaFevres' Motion to Set Aside the Order Directing the Auditor to Issue a Tax Deed.
Affirmed.
BAKER, C.J., and FRIEDLANDER, J., concur.
NOTES
[1] Appellee Auditor of Lake County (the Auditor) is not participating in this appeal. Nevertheless, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal.
[2] Hullett's Statement of Facts mostly consists of discussing witnesses' testimony. Indiana Appellate Rule 46(A)(6)(c) provides, "[t]he statement shall be in narrative form and shall not be a witness by witness summary of the testimony."
[3] During the trial court hearing, a witness testified that Lake County has adopted a new key number system. We will refer to the parcels at issue by their prior key numbers.
[4] In his Reply Brief, Hullett contends that the LaFevres have not responded to the claims he raised in his Appellant's Brief and that the trial court's judgment should be reviewed for prima facie error. We disagree. In their Appellees' Brief, the LaFevres restated Hullett's claims but responded to them on the merits, and we decline to apply the prima facie error standard.
[5] This version of the statute, which the trial court cited in its conclusions of law, became effective on July 1, 2007, which was nine (9) days before Hullett purchased Parcels 007 and 008 at a tax sale on July 10, 2007. See 2007 Ind. Legis. Serv. 89-2007 (West). Hullett does not contend that the trial court applied an incorrect version of the statute.