**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 11 2014, 10:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**N. REED SILLIMAN**
**KAREN T. MOSES**
Faegre Baker Daniels LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES:

Attorney for LRB Holdings, Inc.
**JON L. ORLOSKY**
Muncie, Indiana

Attorney for Allen Cty. Treasurer & Auditor
**THOMAS A. HARDIN**
Shine & Hardin, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MIKE MEYER, Trustee, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1310-MI-397 |
| | ) | |
| SUSAN ORTH, Allen County Treasurer, and | ) | |
| TERA K. KLUTZ, Allen County Auditor, | ) | |
| | ) | |
| Appellees-Plaintiffs, | ) | |
| | ) | |
| LRB HOLDINGS, INC., | ) | |
| | ) | |
| Appellee-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK LINKER, DEBORAH LINKER, | ) | |
| AMERICA'S WHOLESALE LENDER, SUMMIT | ) | |
| FINANCIAL, LLC, THE 1998 CHAFFEE | ) | |
| IRREVOCABLE TRUST c/o MIKE MEYER, | ) | |
| Trustee, | ) | |
| | ) | |
| Appellants-Defendants. | ) | |

**August 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Mike Meyer appeals the denial of his Motion to Vacate Judgment Pursuant to Trial Rule 60 ("60(B) Motion"). We affirm.

**FACTS AND PROCEDURAL HISTORY**

Meyer is the trustee of The 1998 Chaffee Irrevocable Trust ("Chaffee Trust"), which purchased property at 2928 Arden Cove in Fort Wayne ("Arden Cove Property") on August 15, 2006. The deed indicated tax bills should be sent to the Arden Cove Property address, but no property taxes were paid after the Chaffee Trust bought it. As a result, the Arden Cove Property became eligible for tax sale in 2009.

On September 11, 2009, the Auditor sent notice of the tax sale to the Arden Cove Property address via certified mail. The notice was returned with a label stating: "Return to Sender, No Such Number, Unable to Forward." (App. at 65.) The Auditor then sent notice of the tax sale to the Arden Cove Property address via first class mail, and that notice was returned with the same label.

Scot Harber, an employee of the Auditor's Office, then searched the office records for "a more complete or accurate address for the owner of the Real Estate," (*id*. at 93), but was

unable to determine one. Harber then searched the Secretary of State's records and found an address he thought was accurate. The Auditor sent notice of the tax sale via certified mail to "Meyer Mike Trs" at that address. (*Id*. at 66.) The recipient initially accepted the notice but then called the Auditor's Office to report he was not the trustee of the Chaffee Trust.

The Auditor's Office proceeded with the tax sale, and LRB Holdings, Inc. ("LRB") purchased the Arden Cove Property. On December 7, 2010, the trial court directed the Auditor's Office to issue a Tax Deed to LRB. LRB recorded the deed on December 29 and then initiated a quiet title action.[1] The trial court entered a decree that quieted title to the Arden Cove Property on July 5, 2011, giving all rights thereto to LRB.

Meyer did not discover the Arden Cove Property had been sold until he attempted to sell it on behalf of the trust almost two years later. On April 22, 2013, Meyer filed the 60(B) Motion, asking the trial court to set aside and vacate the Order Directing Issuance of a Tax Deed. Meyer designated evidence of six handwritten addresses for "Michael Meyer," one of which was Meyer's correct address, which matched records in the "Allen County - Public Access Tax Information" database. (*Id*. at 73.) However, during the hearing, the Auditor's counsel indicated Harber did not write the list of addresses and did not know who did. The trial court denied Meyer's 60(B) Motion.

**DISCUSSION AND DECISION**

Trial Rule 60(B) states, in relevant part, "On motion and upon such terms as are just,

---

[1] As part of this process, LRB sent notice of its complaint to quiet title to the Arden Cove Property, which was returned as undeliverable, and then LRB served notice by publication.

3

the court may relieve a party or his legal representative from a judgment, including a judgment by default for the following reasons: . . . (6) the judgment is void." It is the movant's burden, here Meyer, to "demonstrate that the relief is both necessary and just." *DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr.*, 965 N.E.2d 693, 696 (Ind. Ct. App. 2012), *trans. denied*. Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct. App. 2002), r*eh'g denied*.

At the hearing on the 60(B) Motion, the parties presented no evidence but argued about the proper application of the law to the designated evidence. As recently noted by our Indiana Supreme Court:

> Relief from judgment under Trial Rule 60 is an equitable remedy within the trial court's discretion. Accordingly, we generally review a trial court's Rule 60 ruling only for abuse of discretion. But when "the trial court rules on a paper record without conducting an evidentiary hearing," as happened here, we are "in as good a position as the trial court . . . to determine the force and effect of the evidence." Under those circumstances, our review is *de novo*.

*In re Adoption of C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013) (internal citations omitted). Thus, we review *de novo* the denial of Meyer's Motion.

"Failure to comply substantially with statutes governing tax sales renders void subsequent tax deeds which deprive owners of their property." *Kessen v. Graft*, 694 N.E.2d 317, 320-21 (Ind. Ct. App. 1998), *trans. denied*. Although "the issuance of a tax deed creates a presumption that a tax sale and all of the steps leading up to the issuance of the tax deed are proper . . . this presumption may be rebutted by affirmative evidence to the contrary." *In re*

4

*Tax Sale in Lake Cnty.*, 926 N.E.2d 524, 527 (Ind. Ct. App. 2010). A person "may, upon appeal, defeat the title conveyed by a tax deed executed under this chapter only if: . . . (7) the notices required by . . . IC 6-1.1-24-4 . . . were not in substantial compliance with the manner prescribed in [this] section[]." Ind. Code § 6-1.1-25-16. In his complaint, Meyer asserted the tax sale of the Arden Cove Property was void because the Auditor did not comply with Ind. Code § 6-1.1-24-4 when attempting to provide notice to him[2] of the tax sale. We disagree.

Ind. Code § 6-1.1-24-4 states, in relevant part:

(a) Not less than twenty-one (21) days before the earliest date on which the application for judgment and order for sale of real property eligible for sale may be made, the county auditor shall send a notice of the sale by certified mail, return receipt requested, to:
> (1) the owner of record of real property with a single owner; or
> (2) at least one (1) of the owners, as of the date of certification, of real property with multiple owners;
at the last address of the owner for the property as indicated in the records of the county auditor on the date that the tax sale list is certified. In addition, the county auditor shall mail a duplicate notice to the owner of record, as described in subdivisions (1) and (2), by first class mail to the owners from whom the certified mail return receipt was not signed and returned. Additionally, the county auditor may determine that mailing a first class notice to or serving a notice on the property is a reasonable step to notify the owner, if the address of the owner is not the same address as the physical location of the property. If both notices are returned due to incorrect or insufficient addresses, the county auditor shall research the county auditor records to determine a more complete or accurate address. If a more complete or accurate address is found, the county auditor shall resend the notices to the address that is found in accordance with this section. Failure to obtain a more

---

[2] On appeal, Meyer also argues the Auditor did not comply with Ind. Code § 6-1.1-24-4 because she did not attempt to find an address for the Chaffee Trust. However, he did not advance this argument before the trial court, and thus it is not available for our consideration. *See Runkel v. Miami Cnty. DCS*, 875 N.E.2d 369, 373 (Ind. Ct. App. 2007) ("In order to properly preserve an issue on appeal, a party must, at a minimum, 'show that it gave the trial court a *bona fide* opportunity to pass upon the merits of the claim before seeking an opinion on appeal.'"), *trans. denied*.

5

complete or accurate address does not invalidate an otherwise valid sale. The county auditor shall prepare the notice in the form prescribed by the state board of accounts. The notice must set forth the key number, if any, of the real property and a street address, if any, or other common description of the property other than a legal description. The notice must include the statement set forth in section 2(a)(4) of this chapter. . . . The county auditor must present proof of this mailing to the court along with the application for judgment and order for sale. Failure by an owner to receive or accept the notice required by this section does not affect the validity of the judgment and order. The owner of real property shall notify the county auditor of the owner's correct address. The notice required under this section is considered sufficient if the notice is mailed to the address or addresses required by this section.

We recently noted Ind. Code § 6-1.1-24-4 places "three progressive duties with respect to providing notice of an impending tax sale" on the Auditor:

(1) first, the auditor is required to send notice to the owner by certified mail at the address listed for the owner in the auditor's records, (2) second, if the return receipt is not signed and returned, the auditor is required to send a duplicate notice by first class mail to the same address, and (3) finally, if both notices are returned due to an incorrect or insufficient address, the auditor's office is required to search its records for a more complete or accurate address.

*Farmers Mut. Ins. Co. of Grant and Blackford Counties v. M Jewell, LLC*, 992 N.E.2d 751, 756 (Ind. Ct. App. 2013), *trans. denied*. That list is not exhaustive, however, as the statute also indicates the Auditor "shall resend" the notices to the "more complete and accurate address" if one is found. Ind. Code § 6-1.1-24-4.

Meyer argues the Auditor did not meet "her statutory obligations to search the county records, determine a more accurate address, and resend the notices to that address." (Br. of Appellant at 8.) We recently decided a similar matter and therein we explained:

Because I.C. § 6-1.1-24-4 was amended in response to the Supreme Court's decision in *Jones v. Flowers* and for the purpose of codifying the due process principles set forth in that case, we interpret the statute with the reasoning of that case in mind. In *Jones v. Flowers*, the Court noted that

6

"[d]ue process does not require that a property owner receive actual notice before the government may take his property." 547 U.S. at 226, 126 S.Ct. 1708. Instead, it is sufficient if notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. at 314, 70 S.Ct. 652). And "when notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it[.]" *Id.* at 229, 126 S.Ct. 1708 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. at 315, 70 S.Ct. 652).

Thus, in the due process analysis, the focus of the inquiry is not on the ultimate result of the auditor's efforts, *i.e.*, whether the landowner has received actual notice. Instead, the focus is on the efforts themselves, and whether they are consistent with the actions of one desirous of actually informing the landowner of the impending tax sale. We conclude that the same is true of the statute. When both pre-tax sale notices are returned due to an incorrect or insufficient address, both due process and I.C. § 6-1.1-24-4 require further action from the auditor. The statute prescribes the specific action the auditor must take in such a case - the auditor's office must search its records for a more accurate or complete address. Whether a search of the auditor's records would have produced an alternate address and resulted in Farmers Mutual receiving actual notice in this case is not the salient question; rather, the question is whether the auditor's office performed the duties imposed by the statute.

*Jewell*, 992 N.E.2d at 757-8.

In the instant case, the Auditor sent notices of tax sale via certified and first class mail to the Arden Cove Property, both of which were returned. The Auditor then "checked the records of the Auditor and did not determine a more accurate address for the Trust or Mike Meyer, Trustee." (Tr. at 10.) The Auditor, believing it had not found any accurate addresses, checked the records of the Secretary of State "thinking the Trustee may be corporate." (*Id.*) The Auditor located "something that he thought, uh, might be reasonably calculated to provide notice to Mike Meyer, Trustee." (*Id.* at 10-11.) The Auditor then mailed notice via

7

certified mail to the address located through the Secretary of State. The mail was accepted, but the recipient, Michael D. Meyer, notified the Auditor he was not the trustee of the Chaffee Trust. The Auditor then held the tax sale on the Arden Cove Property.

Meyer designated evidence *someone* wrote six different addresses on a piece of paper, one of which, coincidentally, was his home address, and that the Auditor did not send notice to those addresses. During the hearing, the Auditor's counsel stated, regarding the six addresses, "that's not Mr. Harber's handwriting. We're not sure where that came from." (Tr. at 11.) Meyer did not depose Harber to ask about his search methods or to inquire about the criteria by which he determined whether any other addresses found were not more complete or accurate than the one provided on the Arden Cove Property's deed. Without evidence demonstrating Harber's search was improper, we will follow the statute's presumption that the search was adequate. *See* Ind. Code § 6-1.1-24-4 ("Failure to obtain a more complete or accurate address does not invalidate an otherwise valid sale."). Based on the record before us, we cannot say Meyer rebutted the presumption that the Auditor complied with Ind. Code § 6-1.1-24-4. *See D.L.D. v. L.D.*, 911 N.E.2d 675, 680 (Ind. Ct. App. 2009) (trial court's denial of Father's Rule 60(B)(6) motion affirmed because Father could not demonstrate the judgment against him was void based on lack of notice), *reh'g denied*, *trans. denied*. Therefore, we affirm the denial of Meyer's 60(B) motion.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.

8