# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2015, 1:37 pm

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Megan L. Craig
John R. Craig
Craig, Craig & Maroc, LLC
Crown Point, Indiana

ATTORNEY FOR APPELLEE

Patrick A. Schuster
Patrick A. Schuster & Associates
Crown Point, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Centier Bank as Trustee of Trust Number 1865, | June 23, 2015 |
| *Appellant-Respondent,* | Court of Appeals Case No. 45A03-1410-MI-354 |
| v. | Appeal from the Lake Circuit Court |
| Wintering, LLC, | The Honorable George C. Paras, Judge |
| *Appellee-Petitioner* | The Honorable Robert G. Vann, Magistrate |
| | Case No. 45C01-1207-MI-118 |

**Crone, Judge.**

# Case Summary

[1]     Centier Bank as Trustee of Trust Number 1865 ("the Bank") appeals a trial court order granting tax deeds to Wintering, LLC, as tax sale purchaser of three

parcels of land in Lake County. The Bank challenges the sufficiency of evidence to support the grant of the tax deed to one of the parcels, claiming that Wintering failed to comply with the statutory notice provisions concerning that parcel. The Bank also asserts that the tax deeds as to all three parcels were not timely issued. Finding that Wintering substantially complied with the statutory notice requirements concerning all three parcels, that the Bank received actual notice of the tax sale, and that the Bank acquiesced concerning the timing of the tax deeds, we affirm.

# Facts and Procedural History

In 2012, the Bank, as trustee of Trust Number 1865, was the legal owner of record of certain parcels in Lake County ("Parcels 9, 11, and 12"). On July 5, 2012, the county auditor sent the Bank three notices of impending tax sale due to property tax delinquencies, one each for Parcels 9, 11, and 12. The auditor's real property transfer records designated "Centier Bank Tr#1865" as the owner of record for each parcel. Petitioner's Exs. 4-6. When the auditor sent the notices, the ones for Parcels 11 and 12 specifically designated the trust number, both on the mailing envelope and on the document itself. Petitioner's Ex. 31. When the notices for Parcel 9 were drafted and addressed for mailing, neither the notice nor the mailing envelope included the trust number; instead, each read "Centier Bank Trs." *Id*. All three tax sale notices were packaged and sent individually, and they arrived at the Bank on the same day and were signed for by the same person. *Id*.

[3]     On August 27, 2012, Wintering purchased Parcels 9, 11, and 12 at the tax sale. On May 1, 2013, Wintering sent to the Bank notices of redemption from the tax sale, one for each parcel. Each one of the three right of redemption notices contained a specific designation of the trust number as owner of record. These notices also informed the Bank of Wintering's intent to file petitions for tax deeds on or after August 28, 2013. On August 29, 2013, Wintering sent the Bank three notices of application for tax deed and hearing, one pertaining to each parcel. Each of the three notices contained a specific designation of the trust number as owner of record. On October 4, 2013, the Bank filed objections to the tax sale and issuance of tax deeds as to all three parcels.

[4]     On April 22, 2014, the trial court held a hearing on Wintering's petitions and the Bank's objections. Wintering introduced thirty-one multi-page exhibits. These exhibits comprised the auditor's land transfer records for each parcel, the nine total notices to the Bank, the mail receipts and signatures, and cover pages/certifications of the documents. The Bank filed a motion for involuntary dismissal, which the trial court denied. After taking all matters under advisement, on July 17, 2014, the trial court entered an order granting Wintering's petitions for tax deeds for the three parcels.

The Bank now appeals. Although the appeals were originally docketed under three different case numbers, this Court consolidated the appeals upon Wintering's motion. Additional facts will be provided as necessary.[1]

# Discussion and Decision

The Bank challenges the sufficiency of the evidence to support the trial court's judgment. Below, the Bank raised this issue via a motion for involuntary dismissal under Indiana Trial Rule 41(B), which states in pertinent part,

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief[.]

A Trial Rule 41 motion essentially tests the sufficiency of the plaintiff/petitioner's case in chief. *Brown v. Guinn*, 970 N.E.2d 192, 195 (Ind. Ct. App. 2012). When reviewing the denial of a Rule 41 motion for involuntary dismissal, we examine only the evidence most favorable to the nonmoving party that was presented before the filing of the motion. *Id.*

---

[1] We note that the Bank reproduced nearly fifty pages of trial transcript in the appellant's appendix in contravention of Indiana Appellate Rule 50(F).

# Section 1 – Wintering substantially complied with the statutory notice provisions.

The Bank asks us to set aside the trial court's order issuing a tax deed to Wintering for Parcel 9, alleging that Wintering failed to present sufficient evidence that it complied with statutory notice requirements concerning the tax sale. To pass constitutional muster,

> a state must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action prior to taking steps that will affect a protected interest in life, liberty, or property. Notice is constitutionally adequate when the practicalities and peculiarities of the case ... are reasonably met.

*Reeder Assocs. II v. Chicago Belle, Ltd.*, 778 N.E.2d 828, 833 (Ind. Ct. App. 2002) (citations and internal quotation marks omitted), *trans. denied* (2003).

If an owner of real estate fails to pay the property tax obligation, the property may be sold to satisfy the tax obligation. *Schaefer v. Kumar*, 804 N.E.2d 184, 191 (Ind. Ct. App. 2004), *trans. denied*. The issuance of a tax deed creates a rebuttable presumption that the tax sale and all steps leading up to the issuance of the deed are proper. *Id*.

The tax sale process involves the issuance of three statutory notices to the property owner of record. *In re 2007 Tax Sale in Lake Cnty.*, 926 N.E.2d 524, 527

(Ind. Ct. App. 2010). The first notice is the county auditor's notice of tax sale. *Id*. Indiana Code Section 6-1.1-24-4(a)(1)[2] states,

> Not less than twenty-one (21) days before the earliest date on which the application for judgment and order for sale of real property eligible for sale may be made, the county auditor shall send a notice of the sale by certified mail, return receipt requested, to … the owner of record of real property with a single owner … at the last address of the owner for the property as indicated in the records of the county auditor ….

The second notice is the notice of the right of redemption ("the 4.5 notice"), which the purchaser of the property at the tax sale must send to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract. Ind. Code § 6-1.1-25-4.5. The third notice is the notice of filing a petition for a tax deed ("the 4.6 notice"), which the purchaser at the tax sale must send to the owner of record of the property. Ind. Code § 6-1.1-25-4.6. Title conveyed by a tax deed may be defeated if the three required notices "were not in substantial compliance with the manner prescribed in those sections." Ind. Code § 6-1.1-25-16(7); *In re 2007 Tax Sale*, 926 N.E.2d at 529.

[10] Here, the county auditor had a duty to send to the Bank, as the owner of record, separate tax sale notices for Parcels 9, 11, and 12 pursuant to Indiana Code Section 6-1.1-24-4. After the sale, Wintering, as purchaser, essentially became a lienholder on the three parcels and was responsible for sending to the Bank, as

---

[2] We note that the relevant notice statutes have been amended, effective January 2015 (tax sale notice) and July 2014 (redemption notice and tax deed notice). We refer to the statutes in effect at the time the notices were sent.

the owner of record, the 4.5 notice of expiration of redemption period for each parcel and the 4.6 notice of issuance of tax deed for each parcel. In all of the 4.5 and 4.6 notices and attendant mailings, Wintering included the trust number designation. Out of the nine notices sent, the only notice that did not list the trust number was the auditor's notice of tax sale for Parcel 9, which listed the owner of record simply as "Centier Bank Trs." Petitioner's Ex. 31.[3] *See also* Petitioner's Exs. 7-9, 12-15, 19-21, 24, 28-31 (showing that the eight remaining notices identify owner of record as "Centier Bank Tr#1865").

[11] The Bank maintains that because the auditor's tax sale notice for Parcel 9 did not include the trust number, it is insufficient to satisfy due process requirements. As support, it relies on *Reeder*,[4] in which this Court affirmed summary judgment in favor of the owner of record, voiding a tax deed due to defective notice. 778 N.E.2d at 835. There, the county auditor failed to send the notices in care of the attorney/registered agent of the owner of record, "Lawrence I. Serlin," as listed in the real estate transfer record. *Id*. at 830-31.

[12] We find *Reeder* distinguishable in several respects. The designated address of record in *Reeder* was not the premises of the owner of record (Chicago Belle) but

---

[3] We note that the auditor was not a party to the action. The only other document in the record that lists the property owner without identifying the trust by number is the auditor's tax sale certificate for Parcel 9. Petitioner's Ex. 1. The purpose of that document is for the auditor to certify that the purchaser has paid the purchase money and will receive a tax deed upon completion of the redemption period and the purchaser's compliance with the statutory notice requirements.

[4] Many of the cases cited by the Bank concern inaccurate or outdated addresses of the owner of record resulting in the return of the notices as undeliverable and thus are inapplicable.

was that of Chicago Belle's attorney/registered agent's law office, which was in a building housing many other offices not connected to or even aware of Chicago Belle's connection to the attorney/agent Serlin. Because they did not designate Serlin on the address, the notices were all returned to the auditor's office as undeliverable, and Chicago Belle never received them. *Id.* In contrast, here, the Bank did receive the notices, and the three tax sale notices (one each for Parcels 9, 11, and 12) were sent on the same day and signed for at the same time by the same person. Petitioner's Ex. 31. Two of the three notices specified the trust number on the outside of the envelope as well as on the document contained within.

[13] Wintering relies on *Schaefer*, where another panel of this Court affirmed a summary judgment order in favor of a tax sale purchaser despite the auditor's failure to resend the tax sale notice to an alternate address listed in the real estate transfer records after it had been returned to the auditor as undeliverable as nonexistent address. 804 N.E.2d at 195. There, the tax sale purchaser subsequently sent the notices concerning the right of redemption and the petition for tax deed to both addresses of record, and all were returned as undeliverable. However, the ones that were sent to the alternate (correct) address were returned as "unclaimed." *Id.* Thus, the *Schaefer* court concluded that the owner of record had been afforded the opportunity to appear and contest the tax deed but did not. *Id.*

[14] Likewise, here, the Bank timely received properly designated notices concerning its right of redemption and Wintering's petition for tax deed for

Parcel 9 and therefore was aware of and afforded the opportunity to object, which it did. The practicalities and peculiarities surrounding the delivery of the incomplete tax sale notice for Parcel 9 indicate that the Bank was apprised of the impending action. This notice, though incomplete in its identification of the owner of record, substantially complied with the statute and was delivered under circumstances indicating that the owner of record was not denied due process.

## Section 2 – The evidence is sufficient to support the issuance of tax deeds for all three parcels.

The Bank raises a couple of related sufficiency claims that pertain to all three parcels: (1) that Wintering failed to present testimony during the hearing to establish a prima facie case; and (2) that Wintering failed to demonstrate that it had conducted a title search to determine whether there were other persons with a substantial interest in the property. With respect to the former, we note that Wintering introduced thirty-one exhibits in support of its petitions for tax deeds. These exhibits speak for themselves as to compliance with the statutory notice provisions. As such, Wintering was not dependent upon witness testimony, and the trial court could examine the exhibits and find sufficient evidence to support Wintering's case.

With respect to the latter, we note first that the relevant statutes do not mandate that the tax purchaser conduct a title search but rather mandates that notices be sent to the owner of the property, "as indicated in the records of the county auditor," Ind. Code §§ 6-1.1-24-4, 6-1.1-25-4.5(d), as well as to "any person

with a substantial property interest of public record at the address for the person included in the public record that indicates the interest." Ind. Code § 6-1.1-25-4.5(d)(2). *See also* Ind. Code § 6-1.1-25-4.6(a) (stating that with exception of notice by publication, notice of petition for tax deed "shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter"). In this vein, we note that in *Reeder*, this Court emphasized that the auditor had a duty to act upon the information contained in the real estate transfer records maintained in its own office rather than relying on information obtained from a search of outside records. 778 N.E.2d at 834-35.

[17] Moreover, we note that each of Wintering's three 4.5 notices specified that the recipient was the "owner of the real property … or a person with a substantial interest of public record." Petitioner's Exs. 7-9, 13-15. The Bank's argument that there may exist another person with a substantial interest in the parcels who may have been excluded is speculative and is otherwise unavailing due to a lack of standing. *See Calhoun v. Jennings*, 512 N.E.2d 178, 182 (Ind. 1987) (concluding that bank could not rely on alleged deprivation of due process rights of another bank in defending against tax sale purchaser's action for tax deed). The evidence most favorable to the judgment supports the trial court's conclusion that Wintering substantially complied with the statutory notice requirements vis-à-vis the Bank as the owner of record. The Bank actually received the notices, did not contest its nonpayment of taxes or the expiration of its redemption period, and has participated in all aspects of the proceedings. As such, we conclude that its due process rights were not violated and that the

evidence is sufficient to support the trial court's order issuing tax deeds to Wintering for each of the three parcels.

## Section 3 – The Bank acquiesced to the timing of the issuance of tax deeds.

[18] Finally, the Bank challenges the tax deeds as untimely issued. According to the Bank's calculations, Indiana Code Section 6-1.1-25-4.6 requires that the trial court's order for issuance of tax deeds must be entered no later than one year, eight months and one day after the tax sale occurs.[5] Appellant's Br. at 20. This

---

[5] Subsection (a) of Section 4.6 affords any person owning or having an interest in the property thirty days after the filing of the petition for tax deed to "file a written objection to the petition with the court …. If a written objection is timely filed, the court shall conduct a hearing on the objection." Subsection (b) states in pertinent part:

(b) Not later than sixty-one days after the petition is filed under subsection (a), the court shall enter an order directing the county auditor (on the production of the certificate of sale and a copy of the order) to issue to the petitioner a tax deed if the court finds that the following conditions exist:

(1) The time of redemption has expired.

(2) The tract or real property has not been redeemed from the sale before the expiration of the period of redemption specified in section 4 of this chapter.

(3) Except with respect to a petition for the issuance of a tax deed under a sale of the certificate of sale on the property IC 6-1.1-24-6.1 or IC 6-1.1-24-6.8, all taxes and special assessments, penalties, and costs have been paid.

(4) The notices required by this section and section 4.5 of this chapter have been given.

(5) The petitioner has complied with all the provisions of law entitling the petitioner to a deed.

calculation is based on the one-year redemption period, plus eight months and one day (comprising the six-month period for filing a petition for tax deed plus sixty-one days thereafter that the court has within which to issue the order for tax deed). Appellant's Br. at 20-21.

[19] Here, the trial court's order for issuance of tax deeds was entered one year plus ten and a half months after the date of the tax sale. As such, the Bank characterizes it as untimely. While its argument appears meritorious at first glance, we note that when the Bank objected to Wintering's petitions for tax deeds, the trial court was required to hold a hearing before ruling on the objections. Ind. Code § 6-1.1-25-4.6(a). The hearing was held on April 22, 2014, six days before the expiration of one year plus eight months and one day. At the close of the evidentiary hearing, the trial court took the matter under advisement and asked the parties to submit proposed orders with findings of facts and conclusions thereon. Ind. Trial Rule 52(C). When the trial court asked counsel how many days each needed to prepare the proposed order, the Bank's counsel suggested "[t]hirty days." Tr. at 45-46. The trial court agreed and said, "[S]ince we're going thirty days out, I'm going to ask if you waive Trial Rule 53.1 and 2," and counsel responded, "Respondent waives." *Id.* at 46.[6] Because the Bank agreed to a date outside the parameters of Section 4.6 and Indiana Trial Rule 53, it acquiesced to the delay and has waived the issue

---

[6] Indiana Trial Rule 53.1 sets time limits for ruling on motions, and Rule 53.2 sets time limits for holding matters under advisement.

for review.[7] *See Abbey Villas Dev. Corp. v. Site Contractors, Inc.*, 716 N.E.2d 91, 102 (Ind. Ct. App. 1999) (emphasizing that acquiescence without objection constitutes waiver), *trans. denied* (2000); *see also Stolberg v. Stolberg*, 538 N.E.2d 1, 5 (Ind. Ct. App. 1989) (holding that a party may not take advantage of an error he invites by acquiescence without objection).

[20] In sum, we find no error, procedural or substantive, in the trial court's order issuing tax deeds to Wintering for all three parcels. Accordingly, we affirm.

[21] Affirmed.

Brown, J., and Pyle, J., concur.

---

[7] We note that in *In re 2002 Lake County Tax Sale of Real Property With Delinquent Taxes or Special Assessments Tax I.D. No. 16-27-0122-0026*, 818 N.E.2d 505 (Ind. Ct. App. 2004), we held that Indiana Code Sections 6-1.1-25-1 and -4 clearly contemplate a fixed one-year redemption period, not subject to the trial court's discretion to extend, and that a tax purchaser who has complied with the statutory requirements is entitled to a tax deed where the fixed one-year redemption period has expired. *Id*. at 508. We also stated, "Indiana Code § 6-1.1-25-4.6(b) clearly mandates the trial court to enter an order issuing a tax deed within sixty-one days of the filing of the Petition if the petitioner has met all necessary conditions." *Id*. at 509. In that case, however, we were not confronted with the issue of whether an objecting party may acquiesce to the trial court issuing a tax deed after the sixty-one-day deadline.