## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2018, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott Richards
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jon L. Orlosky
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: The 2015 Tax Sale
Marion County
Parcel No. 8017356
Tax Sale Item No. A2747

Empire VII Indiana Portfolio,
LLC,

*Appellant*,

v.

Migally Investments, LLC,

*Appellee*.

August 27, 2018

Court of Appeals Case No.
49A02-1712-MI-2882

Appeal from the Marion Circuit
Court

The Honorable Sheryl Lynch,
Judge

The Honorable Mark A. Jones,
Magistrate

Trial Court Cause No.
49C01-1508-MI-28426

**Brown, Judge.**

[1]   Empire VII Indiana Portfolio, LLC ("Empire") appeals the trial court's Order Setting Aside Tax Sale and Issuance of Deed and the court's ruling on its motion to correct error.  We affirm.

*Facts and Procedural History*

[2]   Migally Investments, LLC ("Migally") owns a parcel of real property in Marion County commonly known as 420 East 38th Street (the "38th Street Address"). Prior to February 2016, the address for Migally on file with the Marion County Auditor (the "Auditor") was 16541 Gothard Street, Suite 201, Huntington Beach, California, 92647 (the "California Address").  On October 9, 2015, Migally's parcel on East 38th Street was sold to Empire at a tax sale.[1]

[3]   On February 15, 2016, Migally submitted a change of address form with the Marion County Assessor's Office (the "Assessor") which indicated that it had a new address in Carmel, Indiana (the "Carmel Address").[2]

[4]   In April 2016, the Auditor sent a notice dated March 29, 2016, to Migally at the California Address and the 38th Street Address stating that the parcel had been sold to Empire at a tax sale on October 9, 2015, and that the period of

---

[1] The appellant's appendix contains a Notice of Tax Sale dated July 30, 2015, and addressed to the 38th Street Address.

[2] The form is dated "15/02/2016."  Respondent's Exhibit A.  On a line for "Old Mailing Address," the form states "16541 Gothard St., Huntington Beach, CA 96247."  *Id.*

redemption would expire on October 11, 2016.[3] In January 2017, the Auditor sent a Notice of Filing Petition for Tax Deed to Migally at the California Address and the 38th Street Address stating that the period for redemption had expired, that on or after January 1, 2017, a petition for order directing the Auditor to issue a tax deed would be filed, and that any person owning or having an interest in the parcel may file a written objection to the petition within thirty days of the date the petition was filed.[4]

[5] On March 23, 2017, the court entered an order for issuance of tax deeds which stated that the Auditor had filed a petition for issuance of tax deeds on January 9, 2017, pre-sale notices were sent on July 30, 2015, post-sale notices were sent on April 8, 2016, and the redemption period expired on October 11, 2016.

[6] On May 17, 2017, Migally filed a Motion to Set Aside Tax Sale as to Single Parcel Only and Objection to Issuance of Deed to Tax Sale Buyer. Migally argued that it purchased the property in June 2013 and that its address was the California Address, that it updated its address with the Auditor on February 15, 2016, and that all subsequent notices required by statute should have been sent to that address. Migally also argued that, on or about October 22, 2016, its property manager attempted to pay the semi-annual property taxes and

---

[3] The tracking return receipt in the appellant's appendix associated with the notice mailed to the California Address states "April 8, 2016, 9:30 a.m. Delivered HUNTINGTON BEACH, CA 92647." Appellant's Appendix Volume 2 at 19.

[4] The tracking return receipt in the appellant's appendix associated with the notice mailed to the California Address states "January 23, 2017, 10:35 am Unclaimed/Being Returned to Sender." Appellant's Appendix Volume 2 at 27.

discovered the property had been sold the previous year and that the redemption period had expired eleven days earlier without notice to the property owner or manager.[5] It argued it is ready, willing, and able to pay the past due taxes.

On October 31, 2017, the court held an evidentiary hearing on Migally's motion. Counsel for the Auditor and Marion County Treasurer stated "there was stipulations with [sic] the evidence would be from the government as far as the facts of the matter" and that Toni Green would testify that she was employed by the Auditor's office during the time this case was pending and was familiar with the parcel; that she "received evidence from Migally Investments that there was an email sent to the assessor's office of February fifteenth, two thousand sixteen that was a change of address form"; that she "and her staff have verified that email address did receive that email and it did have the assessors change of address form"; that "the substantive four point five and four point six notices would have been mailed if they were dated March twenty-ninth, two thousand sixteen"; "[a]t that time [that] should have been sufficient enough for the assessor, treasurer, and auditor to make sure all proper parties should have been noticed on the four point five and the four point six"; and that the Carmel Address "was not on the list of addresses on the four point five and

---

[5] At the October 31, 2017 hearing, the court admitted a tax statement from Marion County Treasurer dated October 26, 2016, which was addressed to Migally at its Carmel Address.

four point six notices were sent to." October 31, 2017 Transcript Volume 2 at 6-7. The following exchange occurred:

> The Court: I want to make that [sic] I understood. So, the auditor's office received notice of the new address on February fifteen, two thousand sixteen. The two subsequent notices were sent out, later notices, after the post-sale notices, four point five and four point six, were sent after date, should have been sent to the new address but were not?
>
> [Counsel for Auditor]: Correct. Initially, the change of address for[m] was received by the assessor's office and there is a failure in communication between the assessor's office, auditor's office, and treasurer's office in regards to making sure the proper addresses were included on the list of four point five and four point six notices.
>
> The Court: Ok. So, in other words, the auditor's office received no communication from the assessor, that they are aware of, regarding that change of address.
>
> [Counsel for Auditor]: They did not -
>
> The Court: I am not trying to throw the assessor under the bus. I am trying to find out what the facts would be.
>
> [Counsel for Auditor]: That is correct. We would believe that was sufficient time as far as receiving change of address to effectively send out four point five and four point six notices, in the chute, as they say, of preparation.
>
> The Court: But it was more than a month in advance?
>
> [Counsel for Auditor]: More than a month in advance.
>
> The Court: [Counsel for Migally], is that your stipulations?
>
> [Counsel for Migally]: Yes, Your honor.

The Court: [Counsel for Empire], is that your stipulation?

[Counsel for Empire]: Yes, as long as it is understood that the assessor received it, not the auditor.

*Id*. at 7-8.

[8]     Migally introduced, as an exhibit, the change of address form it submitted to the Assessor. Counsel for Empire objected and stated that "the address on the form, the old mailing address does not have the suite number" and "the zip code does not exist." *Id*. at 9. The court overruled the objection and admitted the exhibit. Counsel for Empire later argued: "This form was sent to the assessor's office. We believe that there is incorrect information. Something happened to cause this not getting over to the auditor's office and we believe probably some of the inaccuracies in the form may have caused that." *Id*. at 13. The court asked which item "on that form leads you to believe that it was Migally's fault that it did not get to the right place," and Empire's counsel replied:

> Well, it would have been difficult to, if you are putting the information in the system on a computer, I do not know how your computers work, but if you out [sic] something in that is inaccurate, it is not going to take. You put an email in that is not accurate, it is not going to go through. Here we got a zip code on the old address line that does not exist, and it does not have the suite number either. I mean it does give you another city or whatever, it just does not exist.

*Id*. at 14. The court asked "[b]ut it does give the correct address for the parcel," and Empire's counsel answered "[t]he parcel address is correct." *Id*. After a recess, the court found, "for the lack of a better term, it was the county's fault," "I am not going to attribute that to Migally," "[i]t should have been in the auditor's records and again, no fault of Migally's," and "[m]y understanding of the evidence also was that the form was generated not by Migally, but in fact by the county and based on the stipulated testimony of Ms. Green I think that is what should have happened." *Id*. at 17.

[9] On November 3, 2017, the trial court entered an Order Setting Aside Tax Sale and Issuance of Deed which granted Migally's May 17, 2017 motion and ordered that Empire shall issue a deed to Migally. Empire filed a motion to correct error, and the court entered an order which denied the motion to correct error, set aside issuance of the deed and reaffirmed its findings from the October 31, 2017 hearing, and ordered that Empire be reimbursed the property taxes it had paid with respect to the parcel.

## Discussion

[10] Empire appeals the trial court's Order Setting Aside Tax Sale and Issuance of Deed and ruling on its motion to correct error. The trial court's findings of fact control as to the issues they cover and a general judgment will control as to the issues upon which there are no findings. *In re 2014 Johnson Cty. Tax Sale*, 48 N.E.3d 340, 345 (Ind. Ct. App. 2015). We review findings for clear error and we review conclusions of law *de novo. Id.* A judgment is clearly erroneous if no evidence supports the findings, the findings do not support the judgment, or the

trial court applied the wrong legal standard. *Id.* We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility. *Id.*

[11] A trial court has discretion to grant or deny a motion to correct error and we reverse its decision only for an abuse of that discretion. *City of Elkhart v. SFS, LLC*, 968 N.E.2d 812, 815 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

[12] Empire argues that notice was sent to Migally's last known address within the records of the Auditor. It argues there is no evidence Migally checked to see if the property was sold for taxes or its address change request was received by the Auditor, the Marion County tax sale is large and a search for possible address problems places an undue burden on the county, and Migally is a business entity and not an individual with disabilities. Empire also states "[t]he record reflects the post sale information provided to the Assessor never reached the auditor and the why of this remains a mystery and could be open to speculation." Appellant's Brief at 10.

[13] Migally responds that it is not disputed that, despite having the new address for over two months, neither of the required notices required by Ind. Code §§ 6-1.1-25-4.5 and -4.6 were sent to its new Carmel Address and that, "[w]hile the form provided by Marion County to update addresses is issued through the Assessor's office, this still means that Marion County was aware of Migally's

actual address at the time notice was sent to an old address." Appellee's Brief at 8.

[14] If an owner of real estate fails to pay the property taxes, the property may be sold in order to satisfy the tax obligation. *In re 2007 Tax Sale in Lake Cty.*, 926 N.E.2d 524, 527 (Ind. Ct. App. 2010). The tax sale process in Indiana involves the issuance of three notices to the property owner. *Id.* The first required notice is the county auditor's notice of tax sale under Ind. Code § 6-1.1-24-4. *Id.* The second required notice is the notice of the right of redemption under Ind. Code § 6-1.1-25-4.5. *Id.* at 258. Ind. Code § 6-1.1-25-4.5 requires the purchaser, or in a county where the county auditor and county treasurer have an agreement for the auditor to perform the duties instead of the purchaser, the county auditor, to give notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or real property. Also, the person required to give the notice shall give it by sending a copy of the notice to the owner of record at the time of the sale of the property "at the last address of the owner for the property, as indicated in the records of the county auditor." Ind. Code § 6-1.1-25-4.5(d). The third required notice is the notice of filing a petition for tax deed under Ind. Code § 6-1.1-25-4.6. *In re 2007 Tax Sale in Lake Cty.*, 926 N.E.2d at 528. Title conveyed by a tax deed may be defeated if the three required notices were not issued in substantial compliance with the requirements prescribed by statute. *Id.* at 529. Proof that insufficient notice was given will support invalidation of the tax sale process. *Id.*

The record reveals that Migally submitted its change of address to the Assessor on February 15, 2016, and the Auditor stipulated that the Assessor received Migally's change of address form on that date and that there was sufficient time, prior to the mailing of the notices required under Ind. Code §§ 6-1.1-25-4.5 and -4.6, for the Auditor and Assessor "to make sure all proper parties should have been noticed." October 31, 2017 Transcript Volume 2 at 6. The Auditor further stipulated that there was "a failure in communication between the assessor's office, auditor's office, and treasurer's office in regards to making sure the proper addresses were included on the list of four point five and four point six notices." *Id.* at 7. Although Migally submitted its change of address on February 15, 2016, the Ind. Code §§ 6-1.1-25-4.5 and -4.6 notices mailed over two months later were not sent to the new and correct Carmel Address as directed by Migally. Based on the record, we cannot conclude that the notices in this case were issued in substantial compliance with the requirements prescribed by statute or that the trial court's judgment is clearly erroneous. We do not disturb the court's Order Setting Aside Tax Sale and Issuance of Deed or its ruling on Empire's motion to correct error.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Altice, J., and Tavitas, J., concur.