Syed TAJUDDIN, Appellant–Petitioner,

v.

SANDHU PETROLEUM CORPORATION NUMBER 3, Appellee–Respondent.

No. 45A03–0907–CV–338.

Court of Appeals of Indiana.

Feb. 26, 2010.

Patrick A. Schuster, David E. Braatz, Crown Point, IN, Attorneys for Appellant.

Robert E. Stochel, Crown Point, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Syed Tajuddin purchased property owned by Sandhu Petroleum Corporation Number 3 at a tax sale. He petitioned for a tax deed, and Sandhu objected. The trial court denied Tajuddin's petition, finding he did not give proper notice to Sandhu and Sandhu was entitled to equitable relief. The court's conclusions regarding notice are not supported by the evidence, but Sandhu is entitled to equitable relief. Therefore, we affirm.

### FACTS AND PROCEDURAL HISTORY

Navdeep Singh and her husband own Sandhu. In 1996, Sandhu began purchas-

ing a gas station on contract from the William J. McEnery Trust. The property comprised three parcels with key numbers 24–31–0043–0012, 24–31–0043–0014, and 24–31–00043–0017 (hereinafter "Key 12," "Key 14," and "Key 17," respectively). The gas station and other improvements are located on Key 17, and Keys 12 and 14 are vacant land. However, the improvements on Key 17 were assessed on Key 12, presumably by mistake. While Sandhu was purchasing the property, the property tax bills were sent to the owner, and then Sandhu reimbursed the owner. Sandhu finished purchasing the property in 2002 and leased the property to a tenant who operated the gas station.

The Singhs later moved to 625 N. Maple in Palatine, Illinois, which is the address of record for Keys 12 and 14. The Singhs received and paid the property tax bills for Keys 12 and 14. Apparently, the Singhs were unaware the property consisted of three separate key numbers. They did not provide an updated address for Key 17 and therefore did not receive property tax bills for Key 17. The address of record for that parcel is 531 Deer Run in Palatine, a former residence of the Singhs.

Because the improvements erroneously had been assessed on Key 12, the property tax bill for Key 12 accounted for the bulk of the total tax bill for the property. The amount of taxes the Singhs were paying for Keys 12 and 14 was sufficiently consistent with what they paid while they were purchasing the property on contract that they believed they were paying all of the taxes for the property.

On October 30, 2006, Key 17 was sold to Tajuddin at a tax sale. Tajuddin sent notice of the sale by certified mail on April 30, 2007, to "Sandu [sic] Petroleum Corpo-

ration Number 3" at the address of record, 531 Deer Run. (Ex. 1.) It was returned marked "Attempted—Not Known." (*Id.*) Tajuddin hired a process server, who taped a copy of the notice to the door of the gas station and mailed a copy of the notice by first class mail. Tajuddin also placed notice of the sale in the Lowell Tribune on May 8, 15, and 22, 2007.

After the redemption period expired, Tajuddin petitioned for a tax deed. Tajuddin sent notice of the petition by certified mail to 531 Deer Run, which was returned marked "not deliverable as addressed unable to forward." (*Id.*) He again hired a process server, who left a copy of the notice at the gas station and sent a copy by first class mail. Tajuddin placed notice of the petition in the Lowell Tribune on November 20, 2007.

On December 7, 2007, Sandhu filed an Objection to Issuance of Deed. A hearing was held on June 9, 2008, and was continued to March 17, 2009. Navdeep identified Exhibit A as the only notice she had received of the tax sale. She testified it had been left at the property, but Exhibit A was different from either of the notices contained in Tajuddin's Exhibit 1. Exhibit A is titled "2006 Delinquent Property Tax Sale Record," and contains a property ID number of 4524–31–0043–0017 and a redemption amount of $12,005.76. A handwritten note indicates the redemption amount was "good until 10/30/07." (Ex. A.)

Navdeep acknowledged she received this document before the redemption period expired. She testified she contacted someone from Lake County two or three times, but was told the ID number was "not good, not fitting the computer."[1] (Tr. at

1. Testimony from employees of the Lake County Auditor and Lake County Assessor established that this property ID number was

a number used by SRI, which administers tax sales for the county. SRI added "45" to the key number to represent Lake County. The

75.) She also attempted to call Tajuddin, but he did not return her calls.

The trial court found in favor of Sandhu and denied Tajuddin's petition for a tax deed. The court's order contained the following conclusions:

3. While the contents of the Notice of Tax Sale issued by Tajuddin complied with the requirements of the notice statutes, including but not limited to IC 6–1.1–25–4.5, the Notice of Tax Sale and subsequent notices sent by Petitioner were insufficient in that they were hand-delivered to Sandhu's tenant at the location of the real property and not sent to Sandhu's current address indicated in the records of the Lake County Auditor.

4. Notice of a tax sale was not made by publication as provided for at I.C. 6–1.1–25[–]4.5(e).

5. The 2006 delinquent property tax sale record was misleading in that it contained an improper and inaccurate property number.

6. Based on the evidence at trial and the unique circumstances of this case, the Court must invoke its powers of equity to ensure justice to both parties regarding matters related to the 2006 tax sale of Tax Key No. 17.

(Appellant's App. at 19.)

## DISCUSSION AND DECISION

The trial court entered findings of fact and conclusions of law pursuant to Ind. Trial Rule 52. Therefore, we apply a two-tiered standard of review. *Supervised Estate of Allender v. Allender*, 833 N.E.2d 529, 533 (Ind.Ct.App.2005), *reh'g denied*, *trans. denied*. First, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Id.* "We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment." *Id.* We will reverse the trial court's findings only if they are clearly erroneous. *Id.* "Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made." *Id.*

Tajuddin asserts (1) the trial court erred by concluding he did not give proper notice to Sandhu; and (2) the trial court erred by invoking equity to deny his petition for a tax deed.

### 1. Notice

■ The trial court's conclusions regarding notice are not supported by the evidence. Conclusion 3 states notice was not sent to Sandhu's address of record. It was. The address of record for Key 17 was 531 Deer Run, and that is where Tajuddin sent notice. Sandhu had updated the address for Keys 12 and 14, but the auditor's records still showed the William J. McEnery Trust as the owner of those Keys. There is nothing in the record to suggest Tajuddin or the auditor should have realized the address listed for Keys 12 and 14 was the correct address for Sandhu as the record owner of Key 17.

The trial court's conclusion 4 states Tajuddin did not provide notice by publication. He did. Exhibit 1 contained copies of the notices placed in the Lowell Tribune, along with notarized statements by the publisher. Sandhu did not contest the authenticity of these documents. In fact, Sandhu does not appear to dispute that Tajuddin took the proper statutory steps to provide notice. *See* Ind.Code § 6–1.1–25–4.5 (titled "Entitlement to tax deed only with proper notice"). Therefore, the trial court's conclusion that Tajuddin did

testimony was conflicting regarding whether County employees would recognize this property ID number beginning with 45.

not provide the required notice is not supported by the evidence.

## 2. *Equitable Relief*

■ Tajuddin argues the trial court erred by granting Sandhu equitable relief. He relies on *Swami, Inc. v. Lee*, 841 N.E.2d 1173 (Ind.Ct.App.2006), *trans. denied*. Swami purchased a property in Fort Wayne and then did not pay taxes on the property from May 11, 2000, through July 2002. The Allen County treasurer's office certified the property for tax sale. The auditor sent notice by certified mail to Swami's address of record, but it was returned marked "Returned to Sender—Undeliverable as Addressed—Unable to Forward." *Id.* at 1175.

Swami's address of record had been the home address of its president, Subhash Reddy. Subhash had changed residences several times. He had updated his address with the auditor on properties he personally owned, but not on Swami's property.

On August 22, 2002, Subhash and his wife, Jyothirmai, received notice of a tax sale of their residence. Jyothirmai went to the treasurer's office to inquire about taxes owed on all parcels owned by Subhash or Swami. Jyothirmai paid the taxes on two of Subhash's personal properties, but a county employee erroneously told Jyothirmai that no taxes were owed on the Swami property.

The Swami property was sold at the 2002 fall tax sale to Retz. Thereafter, the auditor unsuccessfully attempted to notify Swami of the tax sale and the petition for a tax deed. The tax deed was issued on November 14, 2003. Swami learned of the tax deed and objected. Retz moved for summary judgment, which the trial court granted.

On appeal, Swami acknowledged it was not entitled to set aside the tax deed on any statutory ground. *See* Ind.Code § 6–1.1–25–16 (specifying seven ways a person may defeat the title conveyed by a tax deed). However, Swami argued it was entitled to equitable relief because of the county employee's misrepresentation that no taxes were due on the Swami property. Swami's argument relied on *Atkins v. Niermeier*, 671 N.E.2d 155 (Ind.Ct.App. 1996), which we summarized as follows:

> In *Atkins*, Niermeier purchased property at a tax sale. The county auditor later instructed Niermeier to relinquish his tax sale certificate because the property had been redeemed. After Niermeier complied, he learned that the purported redemption was contrary to the tax sale statute. Specifically, the auditor had permitted Atkins to redeem the property, but Atkins was neither an occupant of nor a person with a substantial interest in the property. When Niermeier learned that the property had been redeemed by a "stranger to the tax sale," he filed suit requesting the return of the tax certificate and an extension of the time period for redemption so that he could provide notice pursuant to the tax sale statutes.

> The trial court ordered the county auditor and treasurer to reissue a tax sale certificate to Niermeier. On appeal we affirmed that order, holding that:

>> Niermeier did not voluntarily relinquish his tax sale certificate. Rather, he acted without knowledge of the material facts in reliance upon directions from the county auditor. A court of equity has the power to require that to be done which should have been done. It was within the trial court's equitable power to order the county auditor to reissue a tax sale certificate to Niermeier and thereby to reinstate his lien acquired

pursuant to Indiana Code § 6–1.1–24–9(b).

*Id.* at 1177–78 (citations and footnote omitted).

We rejected Swami's comparison of his case to *Atkins*, stating, "In *Atkins*, we affirmed the grant of equitable relief not merely because Niermeier had relied on misinformation from a government officer but because the property had not been redeemed by a qualified person and, thus, the tax sale was unlawful." *Id.* at 1178. In Swami's case, there was nothing unlawful about the sale. In addition, we held Swami had "unclean hands" because it had not notified the auditor of its change of address, which thwarted the auditor's attempts to provide notice. *Id.* at 1179.

The trial court found Navdeep inquired about the tax sale record she received, but was told the property ID number was not a "good number." (Appellant's App. at 17.) It is true that Sandhu had not updated the address of record for Key 17. The issue with the confusing property ID number presumably would have been avoided had Sandhu kept its address current, because it would have received the tax bills and notices. Therefore, Tajuddin urges us to follow *Swami* and hold Sandhu has unclean hands. But if we so held, Sandhu would lose the improvements on Key 17, despite the fact that those improvements were assessed on Key 12 and Sandhu had paid the taxes on Key 12. Sherry Stone, the Director of Real Estate at the Lake County Assessor's Office, testified she knew of no reason why the properties would have been assessed in this manner. Tajuddin cites no authority that would permit Lake County to do what it did in this case: assess improvements located on Key 17 to Key 12, and then sell Key 17 at a tax sale without regard for whether taxes had been paid for the improvements located on Key 17. Therefore, we conclude this case is more like *Atkins*, where we granted equitable relief because the property owner relied on misinformation from a government officer and the tax sale was unlawful.

As we recognized in *Swami*, a "trial court has full discretion to fashion equitable remedies that are complete and fair to all parties involved." *Id.* at 1178. "Equity has power, where necessary, to pierce rigid statutory rules to prevent injustice." *Id.* Given the irregularity in the manner in which the property was assessed, we cannot say the trial court abused its discretion by granting Sandhu equitable relief.

Affirmed.

KIRSCH and DARDEN, JJ., concur.