**M JEWELL, LLC, Appellant–Petitioner,**

v.

**Max M. POWELL and Marion School Employees Federal Credit Union, Appellees–Respondents.**

**No. 27A02–1101–MI–47.**

Court of Appeals of Indiana.

Sept. 28, 2011.

Jon L. Orlosky, Muncie, IN, Attorney for Appellant.

Joshua M. Howell, Marion, IN, Attorney for Max Powell.

## OPINION

MAY, Judge.

M Jewell, LLC (Jewell) appeals the denial of its petition for an order directing the auditor of Grant County to issue a tax deed. Jewell argues the trial court should have granted it a tax deed because Max Powell did not redeem his property within the statutory redemption period. Jewell also argues the trial court erred by extending Powell's redemption period. We affirm.

## FACTS AND PROCEDURAL HISTORY

Powell lived in a house on East Montpelier Pike in Marion for approximately twenty years. By 2009, Powell had accumulated $1,631.17 in unpaid property taxes, interest, and related assessments. On August 12, 2009, the Grant County Auditor informed Powell the county would auction his property at a tax sale unless Powell filed a "defense for the application of judgment" prior to August 31. (App. at 58.)

Powell did not file a defense, and, September 17, 2009, the county sold Powell's property to Jewell for $5,000. On March 23, 2010, Jewell sent Powell notice of the sale and Powell's redemption rights. On April 28, 2010, with the intention of redeeming his property and settling his tax obligations, Powell went to the Grant County Treasurer's Office, but he should have gone to the Auditor's Office for that purpose. The Treasurer's Office assured Powell he needed to pay only approximately $280 to redeem his property, and Powell wrote a check for that amount.

In August 2010, Jewell posted notice on Powell's property indicating it had been sold at a tax sale, Jewell intended to take possession of the property, and Powell still could exercise his right to redeem, but did not indicate where Powell may do so. On September 14, 2010, Powell again went to the Treasurer's Office and attempted to redeem his property, but an employee informed him that he would have to wait until after a "hearing." (Tr. at 34.) Powell did not visit the Auditor's Office, and the redemption period expired September 17, 2010.

On September 25, 2010, Powell received notice that Jewell had petitioned to obtain a tax deed for Powell's property. Powell filed his objection to Jewell's petition on

October 6, 2010. The trial court held a hearing on December 14, 2010, and denied Jewell's petition on December 28, 2010. The court's order provided Powell thirty days in which to redeem his property by paying the outstanding balance to the Auditor's Office.

## DISCUSSION AND DECISION

When, as is the case here, a trial court enters findings of fact and conclusions of law *sua sponte*, the findings "control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings." *Tracy v. Morell*, 948 N.E.2d 855, 862 (Ind.Ct.App. 2011). We review findings for clear error and we review conclusions of law *de novo*. *Bowyer v. Ind. Dep't of Natural Res.*, 944 N.E.2d 972, 983 (Ind.Ct.App.2011). A judgment is clearly erroneous if no evidence supports the findings, the findings do not support the judgment, or the trial court applied the wrong legal standard. *Id.* at 983–84.

 Jewell claims the trial court erred in failing to issue a tax deed to him for Powell's property because Powell did not redeem his property within the timeframe provided by statute, despite receiving all statutorily required notices. The trial court agreed that Jewell and the Grant County Auditor complied with the notice provisions, *see* Ind.Code §§ 6–1.1–24–4; 6–1.1–25–4.5; 6–1.1–25–4.6, and Powell does not contend the notice given by Jewell was improper. Nevertheless, the trial court denied Jewell's petition because "in tax sale cases, a court may exercise equitable power when no adequate remedy at law exists." (App. at 48) (citing

*Swami, Inc. v. Lee*, 841 N.E.2d 1173, 1178 (Ind.Ct.App.2006), *trans. denied* ).

The court found:

Powell comes to the Court of equity with clean hands. On at least two occasions he personally appeared at the Grant County Treasurer's Office, with his checkbook in hand, to redeem the home he has lived in for twenty (20) years. On one occasion he was told by an employee of the Treasurer's Office, incorrectly, that he did not owe any past due taxes, interest, or penalties. On the second occasion, he was told, incorrectly, that he could not redeem the property even though the period of redemption had yet to expire. At no time did any employee of the Grant County Treasurer's Office send Powell to the Auditor's Office to investigate further.

(*Id.*) The court then explained it would be unjust, in light of Powell's repeated good faith efforts to redeem his property, to award his house to a company that paid $5,000 toward its purchase.

Jewell argues Powell is not entitled to relief because he did not substantiate the claim he tried to redeem his property. The trial court found Powell went to the Treasurer's Office on April 28, 2010, with the intention of redeeming his property, he paid $280.00, and "he was assured that this sum was all that was owed." (*Id.* at 47.) That finding is supported by Powell's testimony to that effect. The court's finding that an employee of the Treasurer's Office told Powell on a second occasion "that he could not redeem the property even though the period of redemption had yet to expire," (*id.* at 48), is also supported by Powell's testimony.[1] Therefore, the record

---

1. Jewell suggests the evidence could not support the court finding Powell went to the Treasurer's Office on a second occasion because the date on which Powell went to the Treasurer's Office, allegedly in response to Jewell's petition for a tax deed, was before Powell could have received the mailed notice of Jewell's petition for a tax deed. When reviewing findings of fact on appeal, we neither reweigh the evidence nor assess the credibility of the witnesses. *DeHaan v. DeHaan*, 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *trans. denied.* Powell testified he went to the

did contain evidence that supported Powell's claim, and the court's findings are not clearly erroneous. *See, e.g., G.B. v. S.J.H.*, 167 Ind.App. 175, 177, 338 N.E.2d 315, 316 (1975) (testimony of party sufficient to support trial court findings).

 Jewell next contends the order denying its request for a tax deed erroneously gave Powell an extra thirty days to redeem his property, because Ind.Code § 6–1.1–25–4(a)(1) limits the period of redemption to one year from the date of sale. In support of his argument, Jewell cites *In re 2002 Lake County Tax Sale of Real Property with Delinquent Taxes or Special Assessments Tax I.D. #: 16–27–0122–0026,* 818 N.E.2d 505, 509 (Ind.Ct. App.2004), which interpreted that section to mean a "trial court does not have the discretion to extend the period of redemption beyond the one-year limitation." *Id.*

 However, "[e]quity has power, where necessary, to pierce rigid statutory rules to prevent injustice." *Swami,* 841 N.E.2d at 1178. The trial court determined Powell was prejudicially misled by the incomplete information given to him by the Grant County Treasurer's Office, and that determination supports piercing the statutory rules to prevent injustice. *See Tajuddin v. Sandhu Petroleum Corp. No. 3,* 921 N.E.2d 891, 895 (Ind.Ct.App.2010) (holding trial court properly denied a petition for a tax deed when the property owners thought they were paying property taxes on an improved parcel of land, but actually were paying taxes on a different, unimproved parcel because of an assess-

---

Treasurer's Office because he received notice of Jewell's petition for a tax deed. That testimony is supported by the fact that Jewell posted notice of its petition for a tax deed on Powell's property in August. Thus, contrary to Jewell's assertion, that finding is supported by the evidence.

2. Jewell argues the trial court disregarded the requirements of equitable estoppel set forth in

ment irregularity).[2] Accordingly, we affirm the decision of the trial court.

Affirmed.

BAKER, J., and BRADFORD, J., concur.

---

*Whalen v. M. Doed, LLC,* 859 N.E.2d 368, 374 (Ind.Ct.App.2006) (requiring prejudicial reliance on an act by the party to be estopped), *trans. denied.* However, the ruling in favor of Powell was not an application of equitable estoppel against Jewell; rather it addressed the inequity of ruling against Powell when he had been misled by erroneous information from the County, which sold Powell's property to Jewell.