Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 12 2014, 10:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JON L. ORLOSKY**
Muncie, Indiana

ATTORNEYS FOR APPELLEE
AARON D. KALLEY:

**ERIC C. WELCH**
**E. PHILLIP GREGG, JR.**
Welch & Company, LLC
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JLO, LLC, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | No. 18A02-1404-MI-226 |
| ) | |
| KENT KALLEY, AARON D. KALLEY, ) | |
| INDUSTRIAL CENTRE FEDERAL CREDIT ) | |
| UNION, TOWN OF YORKTOWN, MUNCIE ) | |
| SANITARY DISTRICT, DELAWARE ) | |
| COUNTY TREASURER, and INDIANA ) | |
| DEPARTMENT OF REVENUE, ) | |
| ) | |
| Appellees. ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Thomas A. Cannon, Jr., Judge
Cause No. 18C05-1208-MI-236

**November 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

JLO, LLC ("JLO") appeals the trial court's order denying JLO's petition for tax deed regarding certain real property located on Cornbread Road in Yorktown ("the Property"). JLO claims that the trial court abused its discretion. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

The record indicates that on September 20, 2013, JLO filed a "Verified Petition For Order Directing the Auditor of Delaware County, Indiana to Issue a Tax Deed" regarding the Property. Appellant's App. at 39-40. On October 4, 2013, the owner of the Property, Aaron D. Kalley, filed an objection to the petition. Following a hearing, the trial court entered its findings of fact and conclusions thereon denying JLO's petition. Specifically, the trial court found in relevant part:

1. On or about October 26, 2011, Kent Kalley and Sheila Kalley conveyed [the Property] by virtue of a Quitclaim Deed to Kent Kalley and Aaron D. Kalley as join tenants with rights of survivorship. The Deed was recorded with the Delaware County Recorder as Instrument Number 2012R01453. The property was conveyed as part of Kent Kalley's estate plan.

2. Aaron D. Kalley did not reside in [the Property].

3. On [o]r about March 10, 2013, Kent Kalley, Aaron D. Kalley's father died and Aaron D. Kalley became the fee simple owner of the real property by operation of law.

4. Aaron D. Kalley was born on December 27, 1992 and was twenty (20) years old at the time of his father's death.

5. At the time of Kent Kalley's death, Kent Kalley was delinquent in the payment of property taxes and the property was sold at a tax sale which

2

was conducted on September 12, 2012. The Tax Sale Certificate was issued for the sum of $1,576.43 which was paid by Bidder Number 36, Jon Orlosky.

6. That shortly thereafter, Jon Orlosky assigned the Tax Sale Certificate to JLO, LLC.

7. At the time and date of the tax sale, the records of the Delaware County Auditor indicated that the property was owned by Kent Kalley and Aaron D. Kalley.

8. At the time and date of the tax sale, the records of the Delaware County Auditor further indicated that the address of record for Kent Kalley and Aaron D. Kalley was [the address of the Property].

9. That Aaron Kalley stipulated through his Counsel that all notices that were required to be given to the Kalleys and others with a substantial interest of public record pursuant to Ind. Code Sections 6-1.1-25-4.5 and 4.6 were properly given.

10. That Aaron Kalley further stipulated that proper notices were sent out by certified mail and First Class mail and that none of the notices that were sent out by First Class mail to [the address of the Property] were returned to JLO, LLC.

11. That submissions by both parties indicate a return receipt of the Ind. Code [Section 6-1.1-25-4.5] notice dated October 30, 2013 and signed by Aaron Kalley.

12. Aaron Kalley denied that the signature on the return receipt was in fact his signature.

13. Evidence also indicated that while the certified mail notice sent to Aaron Kalley at [the address of the Property] pursuant to Ind. Code Section 6-1.1-25-4.6 was returned as "unclaimed," the notice sent by First Class mail was never returned to JLO, LLC.

14. That on March 12, 2013, one of the parties with a substantial interest of public record who was notified of the tax sale, [Industrial Centre Federal Credit Union], contacted the Delaware County Treasurer's office and indicated that they would be redeeming the property.

3

15. Aaron D. Kalley was made aware that taxes were due and payable on [the Property] by a representative of Industrial Federal Credit Union, but was not aware that the property had been sold in the tax sale.

16. Aaron D. Kalley asked his mother to take a check to the Delaware County Treasurer's Office and pay all outstanding tax liabilities.

17. On May 10, 2013, Sheila Kalley, Aaron's mother approached the Delaware County Treasurer and requested the amount needed to bring the property taxes current. The Treasurer advised that the total amount due at the time was $1,474.83. Sheila Kalley tendered a check in the amount of $1,474.83. Sheila Kalley again asked if the check "took care of everything" and she was assured that the property taxes were current.

18. At no time was Sheila Kalley advised to speak with the Auditor about redeeming the property from the tax sale.

19. Sheila Kalley and Aaron Kalley believed that the property taxes were paid and current.

20. On or about September 23, 2013, Sheila Kalley received a call from Industrial Centre Federal Credit Union advising that Aaron's property had been sold in a tax sale.

21. On September 23, 2013, Aaron Kalley was advised by his mother that the property had been sold at tax sale.

*Id.* at 25-27.

Based upon these findings of fact, the trial court concluded that although JLO had fully complied with the statutory requirements for giving notice under the Indiana tax sale statutes, denial of the petition for tax deed was appropriate under the circumstances. Specifically, the trial court concluded in relevant part:

The use of the Court's equitable discretion is appropriate in the current matter as it would be unjust to issue a tax deed under the circumstances w[h]ere the Respondent was an unsophisticated 20 year old man, grieving the death of his father, where attempts were made to pay all outstanding property taxes prior to the redemption date, where the payment was premised upon information

4

provided by the Delaware County Treasurer that there were no additional taxes due and owing and where the Respondent did not have actual knowledge of the tax sale.

*Id.* at 28. Accordingly, the trial court denied JLO's petition and allowed Kalley an extension of thirty days to redeem the Property.[1] This appeal ensued.

## Discussion and Decision

In denying JLO's petition, the trial court entered findings of fact and conclusions thereon sua sponte. We apply a two-tier standard of review to sua sponte findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. *Trust No. 6011, Lake Cnty. Trust Co., v. Heil's Haven Condo. Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012), *trans. denied*. We may not set aside the findings or judgment unless they are clearly erroneous. Ind. Trial Rule 52(A); *Menard, Inc. v. Dage-MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind. 2000). Findings and conclusions are clearly erroneous when the record contains no facts or inferences supporting them. *Trust No. 6011*, 967 N.E.2d at 14. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* "We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility." *Id.* (citation omitted). Although we accord substantial deference to findings of fact, we do not so defer to the trial court's conclusions of law. *In re Des.B.*, 2 N.E.3d 828, 836 (Ind. Ct. App. 2014).

---

[1] The court further ordered that in the event that Kalley failed to redeem the Property within thirty days from the date of the order, and upon the filing of an "Affidavit of Default," the trial court shall issue an order directing the Delaware County Auditor to issue a tax deed identifying JLO as the fee simple owner of the Property. Appellant's App. at 29.

JLO first asserts that the trial court's finding that Kalley did not have actual knowledge during the redemption period that the Property had been sold in a tax sale is unsupported by the evidence. Specifically, JLO argues that Kalley admitted that he had actual knowledge of the sale prior to the expiration of the redemption period because his objection to JLO's petition for tax deed included the statement "that in May of 2013, the Respondent, Aaron D. Kalley, was advised by a third party that the property was sold at tax sale in 2012." Appellant's App. at 79. JLO refers to Kalley's objection to the petition as a "pleading" and maintains that Kalley and the trial court should be bound by this "admission in a pleading." Appellant's Br. at 4-5. JLO's argument is unavailing.

JLO directs us to the broad language of Indiana Trial Rule 8(D), which provides: "Averments in a pleading to which a responsive pleading is required … are admitted when not denied in the responsive pleading." However, Indiana Trial Rule 7(A) contains a specific and exhaustive list of the "pleadings,"[2] and we have clarified often that "[n]either a motion nor a party's response to a motion is considered a pleading." *Richards-Wilcox, Inc. v. Cummins*, 700 N.E.2d 496, 499 (Ind. Ct. App. 1998). Moreover, as noted by the trial court, Kalley's objection was not a verified document, was signed only by Kalley's counsel, and simply provided information as "a starting point from where discovery takes place." Tr. at 54. Contrary to JLO's assertions, Kalley's objection to the petition for tax deed is not a pleading, and any statement contained therein regarding the date that Kalley received actual

---

[2] Indiana Trial Rule 7(A) provides that the pleadings shall consist of: (1) a complaint and an answer; (2) a reply to a denominated counterclaim; (3) an answer to a cross-claim; (4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and (5) a third-party answer.

6

knowledge of the sale was not evidence before the trial court. During the hearing held on this matter, Kalley and his mother each testified that Kalley did not have actual knowledge that the Property was sold in a tax sale until September 23, 2013, after the redemption period expired. Thus, the record contains facts and inferences supporting the challenged finding and JLO has demonstrated no error.

JLO maintains that the trial court erred in denying its petition for tax deed because Kalley did not redeem the Property within the one-year redemption period, despite JLO's full compliance with the statutory notice provisions.[3] We find our decision in *M Jewell, LLC v. Powell*, 954 N.E.2d 1053 (Ind. Ct. App. 2011), on point and instructive. In *Powell*, the facts indicated that the tax sale purchaser fully complied with statutory notice provisions, the property owner had actual knowledge that his property had been sold in a tax sale, and the property owner was aware of his redemption rights. *Id*. at 1054. However, when the property owner tried to redeem the property and settle his tax obligations, he was told by an employee of the Grant County Treasurer's Office, incorrectly, that he did not owe any past due taxes, interest, or penalties. *Id*. On a second occasion visiting the Treasurer's Office, the property owner was told, again incorrectly, that he could not redeem the property. *Id*. At no time was the owner directed to the Grant County Auditor's Office, the place he should have gone in the first place to redeem the property. *Id.* The redemption period expired three days after the property owner's second visit to the Treasurer's Office. *Id*. The tax sale purchaser

---

[3] *See* Ind. Code § 6-1.1-25-4.

7

subsequently filed a petition with the trial court to obtain a tax deed for the property, and the owner objected. *Id.*

Based upon these facts, the trial court in *Powell* exercised its equitable power to deny the petition for tax deed and to provide the owner an additional thirty days in which to redeem his property. *Id.* at 1055. Specifically, the trial court explained that the property owner came before the court with clean hands and that it would be unjust, in light of the owner's repeated good faith efforts to redeem his property, to award his home to the tax sale purchaser for a meager price. *Id.* Therefore, despite the tax sale purchaser's compliance with statutory notice provisions *and* the property owner's actual knowledge of the tax sale, the trial court determined that no adequate remedy at law existed and that exercise of its equitable power was necessary under the circumstances. *Id.* Recognizing that "[e]quity has power, where necessary, to pierce rigid statutory rules to prevent injustice," we affirmed the trial court's decision on appeal. *Id.* at 1056 (quoting *Swami, Inc. v. Lee*, 841 N.E.2d 1173, 1178 (Ind. Ct. App. 2006), *trans. denied.*).

As in *Powell*, the trial court here concluded that no adequate remedy at law existed and that exercise of the court's equitable discretion was necessary under the circumstances. The facts favorable to the judgment and the reasonable inferences to be drawn therefrom support the trial court's finding that, despite JLO's compliance with statutory notice provisions, Kalley, an unsophisticated twenty-year-old who was grieving the death of his father, was wholly unaware that the Property had been sold in a tax sale. However, because he did learn that a tax delinquency existed on the Property, he sent his mother to the

8

Delaware County Treasurer's Office with a blank check to pay any amount necessary. After paying $1474.83, the amount instructed by the Treasurer's Office, Kalley's mother was assured by representatives at that office that "everything was taken care of." Tr. at 42-43. At no time was she informed that the Property had been sold in a tax sale or that steps for redemption could or needed to be taken and that she should proceed to the Auditor's Office for further inquiry. These facts support the trial court's determination that Kalley's failure to timely redeem the Property was based at least in part upon information, or lack thereof, given to his mother by the Treasurer's Office. Similar to the property owner in *Powell*, there is ample evidence in the record of Kalley's affirmative and good faith efforts to protect his ownership in the Property prior to the expiration of the redemption period.

It is well settled that a "trial court has full discretion to fashion equitable remedies that are complete and fair to all parties involved." *Tajuddin v. Sandhu Petroleum Corp. No. 3*, 921 N.E.2d 891, 895 (Ind. Ct. App. 2010) (quoting *Swami*, 841 N.E.2d at 1178). The record supports the trial court's conclusion that, despite JLO's compliance with the statutory notice provisions, it would be unjust to order issuance of a tax deed and award the Property to JLO for the meager price of $1576.43 under the circumstances presented. We will not second-guess the trial court's decision to exercise its equitable power in this manner. Accordingly, we affirm the judgment of the trial court.

Affirmed.

RILEY, J., and MATHIAS, J., concur.