

ATTORNEY FOR APPELLANT

Dustin D. Huddleston
Huddleston & Huddleston
Franklin, Indiana

ATTORNEYS FOR APPELLEES
JOHNSON COUNTY AUDITOR &
JOHNSON COUNTY TREASURER

Kathleen A. Hash
Shena T. Wheeler
Franklin, Indiana

APPELLEE PRO SE

Patrick W. Black
Edinburgh, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the 2014 Johnson County Tax Sale, | December 22, 2015 |
| Town of Edinburgh, | Court of Appeals Case No. 41A01-1505-MI-445 |
| *Appellant*, | Appeal from the Johnson Superior Court |
| v. | The Honorable Kevin M. Barton, Judge |
| Patrick Black, Johnson County Auditor, and Johnson County Treasurer, | Trial Court Cause No. 41D01-1408-MI-143 |
| *Appellees*. | |

**Brown, Judge.**

[1] The Town of Edinburgh (the "Town") appeals from the trial court's Order Denying Issuance of Tax Deed. The Town raises four issues which we consolidate and restate as whether the court's order is clearly erroneous. We affirm.

## Facts and Procedural History

[2] Patrick Black owns a parcel of real property in Edinburgh, Johnson County, Indiana. The parcel was listed for sale at Johnson County's September 12, 2014 tax sale, but the parcel was not sold. As a result, the Johnson County Auditor (the "Auditor") issued a tax sale certificate to the Johnson County Board of Commissioners (the "Commissioners") on September 13, 2014,[1] and the Commissioners assigned the sale certificate to the Town on October 28, 2014.[2]

---

[1] Ind. Code § 6-1.1-24-6 provided in part at the time:

> (a) When a tract or an item of real property is offered for sale under this chapter and an amount is not received equal to or in excess of the minimum sale price prescribed in section 5 of this chapter, the county executive acquires a lien in the amount of the minimum sale price. This lien attaches on the day after the last date on which the tract or item was offered for sale.

> (b) When a county executive acquires a lien under this section, the county auditor shall issue a tax sale certificate to the county executive in the manner provided in section 9 of this chapter. The county auditor shall date the certificate the day that the county executive acquires the lien. When a county executive acquires a certificate under this section, the county executive has the same rights as a purchaser.

(Subsequently amended by Pub. L. No. 251-2015, § 9 (eff. July 1, 2015)).

[2] Ind. Code § 6-1.1-24-9(d) provided at the time:

> Subject to IC 36-1-11-8, the county executive may assign a certificate of sale held in the name of the county executive to any political subdivision during the life of the certificate. If an assignment is made under this subsection, the period of redemption of the real property under IC 6-1.1-25 is one hundred twenty (120) days after the date of the assignment.

(Subsequently amended by Pub. L. No. 251-2015, § 17 (eff. July 1, 2015)).

[3]     A Notice of Sale and Redemption Period was sent to Black which stated that the date of expiration of the period of redemption was February 25, 2015, and that the Town intended to petition for a tax deed on or after February 26, 2015. The notice also stated that "the components of the amount required to redeem the Real Property are as follows: . . . $21,213.21; plus . . . $1,365.00;" plus "$2,257.82, if the Real Property is redeemed not more than six (6) months after the date of sale or [] $3,386.73, if the Real Property is redeemed more than six (6) months but not more than one (1) year after the date of sale;" plus "[t]axes, special assessments, interest, penalties and fees on the Real Property that accrued after the date of sale." Appellant's Appendix at 30.

[4]     On February 24, 2015, Black went to the Auditor's office to determine the amount he needed to pay to redeem his property from the tax sale. An employee of the Auditor contacted its vendor, SRI, Inc., to determine the amount due to redeem the property from the tax sale. SRI indicated that the total amount required for redemption was $26,557.85, and Black paid that amount to the Auditor. On February 25, 2015, the Auditor sent a letter to the Town which stated that the property which had been assigned to the Town on October 28, 2014 was redeemed on February 24, 2015.

---

The tax sale certificate stated that the amount of the minimum bid was $22,578.21 and that "[t]o the judgment was added the real estate taxes of $1,365.00 that are due and payable in 2014, but not delinquent as of 9/12/14. (Judgment $21,213.21 + Fall 2014 installment of $1,365.00 = $22,578.21)." Appellant's Appendix at 20.

On February 26, 2015, the Town filed a petition for the issuance of a tax deed with the Johnson County Superior Court stating that the property had not been redeemed before the expiration of the period of redemption.[3] On March 4, 2015, the Town sent a letter to the Auditor which stated that, "[a]ccording to information obtained from the Auditor's office and the Treasurer's office, the total amount required for redemption regarding the . . . parcel has not been paid" and that "[t]axes and/or penalties in the amount of $1,575.56 are still due and unpaid." *Id.* at 55. The Town attached a tax bill reflecting this amount. On March 10, 2015, the Commissioners sent a letter to Black stating that, in processing the redemption, it had discovered that taxes and/or penalties that accrued after the tax sale of $1,575.56 were still due and unpaid and requested that Black bring the funds to the Johnson County Treasurer (the "Treasurer") no later than March 17, 2015, to complete the redemption.[4] Black paid $1,575.76 to the Auditor.

On March 27, 2015, the Town filed a Notice of Payments arguing that the property was not redeemed from the sale before the expiration of the redemption period as required by statute and requesting an order directing the

---

[3] The petition was not served upon the Auditor and Treasurer and was not entered in the court's chronological case summary.

[4] At the April 22, 2015 hearing, counsel for the Auditor stated that, after the Auditor learned from the Town's letter that there were penalties that accrued since the tax sale, the Auditor decided that the equitable thing to do would be to give Black a chance to pay the remaining dollars as he had already paid over $26,000.

Auditor to issue a tax deed to the Town.[5]  On March 30, 2015, the Auditor requested a hearing.

[7]     On April 22, 2015, the court held a hearing at which Black was present and the Town as well as the Auditor and Treasurer appeared by counsel.  At the hearing, Brad Engler, the chief operating officer of SRI, testified that SRI conducted the Johnson County tax sale in September 2014, that SRI had received a call in February and asked for a redemption figure, and that it had provided "the amount based upon what was in the system at that particular point in time which did not include the penalties that were applied in, during the November tax collection."  Transcript at 42.  He testified that, on a normal tax sale where money is exchanged, there would be no penalties in November because the amounts would have been paid the day of the tax sale.  Engler testified that he believed SRI had worked with Johnson County since 1995 and that it was a consultant for eighty-three of Indiana's ninety-two counties.  He testified that, in its role as a consultant, SRI performed work for tax sales including verifying the lists of properties with the offices of the county auditors and treasurers, providing statutory notices on behalf of the auditors, preparing pre-sale publications, providing draft court documents for the county attorneys to review, and then conducting the auctions and post-sale functions.

---

[5] The Town attached a 2014 tax sale record to its Notice of Payments showing that the assessed value of the property was $91,000.

[8]    Engler testified that this was the first time that the Auditor "ever did a Commissioner's Certificate Redemption" and that this redemption was different than a regular tax sale because no money had exchanged hands. *Id.* at 46. He testified that SRI's information is "updated throughout the tax sale process . . . up until this, right at the conclusion of the sale." *Id.* at 47. He testified that another vendor, Thomson Reuters, maintains Johnson County's tax billing software, that "the County's tax system and our tax sale system do not talk to each other," and that Thomson Reuters "isn't interested in exchanging data." *Id.* at 44. The court asked "basically, the only time that we're going to get into a . . . penalty provision for the second installment is when there's an assignment by the Commissioners," and Engler answered "Correct." *Id.* at 49. Engler further indicated that this was the first redemption in Johnson County where there had been an assignment. When asked if it had happened in the other eighty-two counties, Engler testified "Very, very few . . . I can't even tell you that any of these have ever redeemed where . . . the counties have assigned a certificate to another political subdivision" and that "it may be the first time ever." *Id.* Engler testified that an administrative staff person of SRI provided the figure to the Auditor that was then passed on to Black, that the additional penalty did not show up on the staff person's computer program, and that the staff person did not know to add any penalties that accrued after the sale in the event of an assignment. He also testified that, if tax and special assessment payments are not made in November, then the system will add a ten percent penalty on the amounts not paid at that point in time and that is what occurred in this case. At the end of the hearing, the court asked whether, if

there was an issuance of the tax deed, would the back taxes essentially be forfeited, and counsel for the Auditor and Treasurer stated she was not sure and counsel for the Town stated the Town would not have to pay those taxes.

[9] On April 28, 2015, the trial court entered an Order Denying Issuance of Tax Deed with detailed findings, including:

*  *  *  *  *

26. The Court begins by noting that it is unable to determine how the figure of $1,575.56 was determined to be the amount owed. The Johnson County Auditor's Office reports that the figure includes "$1,365.00 in Last Year 2nd Installment Tax". The Tax Sale Certificate provides that "To the judgment was added the real estate taxes of $1,365.00 that are due and payable in 2014, but not delinquent as of 9/12/14. (Judgment $21,213.21 + Fall 2014 Installment $1,365.00 + $22,578.21". The Auditor reports that the redemption amount paid by Mr. Black included the $1,365.00 amount.

27. The Court is therefore only able to determine that penalties were unpaid in the amount of Two Hundred Ten Dollars and Fifty-Six Cents ($210.56). The error in not including penalties would be consistent with the testi[m]ony of Mr. Engler. Taxes assessed for 2014 are not yet payable in 2015.

*  *  *  *  *

36. The Town of Edinburgh asserts that the case of M. Jewell, LLC v. Powell may be differentiated in that the property owner in that case filed an objection to issuance of a tax deed. The Court does not find that an objection is a prerequisite for the court to exercise it's [sic] equitable jurisdiction. Indiana Code 6-

1.1-25-4.6[6] provides that upon the filing of an objection, the court is required to conduct a hearing. The statute does not preclude the court from otherwise conducting a hearing. Indiana Code 6-1.l-25-4.6(b)[7] requires that the Court make a finding that the Parcel has not been redeemed before expiration of the period of redemption. The filing of a timely objection is not a statutory prerequisite to the findings required by the court prior to issuance of a order to the auditor to issue a tax deed.

\* \* \* \* \*

39. Town of Edinburgh's Verified Petition For Issuance Of Tax Deed is denied. Parcel is found to be redeemed. . . .

Appellant's Appendix at 7, 9-14.

---

[6] Ind. Code § 6-1.1-25-4.6 provided in part at the time that "[a]ny person owning or having an interest in the tract or real property may file a written objection to the petition with the court not later than thirty (30) days after the date the petition was filed" and that, "[i]f a written objection is timely filed, the court shall conduct a hearing on the objection." (Subsequently amended by Pub. L. No. 251-2015, § 22 (eff. July 1, 2015)).

[7] Ind. Code § 6-1.1-25-4.6(b) (2014) provided in part at the time:

Not later than sixty-one (61) days after the petition is filed under subsection (a), the court shall enter an order directing the county auditor (on the production of the certificate of sale and a copy of the order) to issue to the petitioner a tax deed if the court finds that the following conditions exist:

(1) The time of redemption has expired.

(2) The tract or real property has not been redeemed from the sale before the expiration of the period of redemption specified in section 4 of this chapter.

(3) Except with respect to a petition for the issuance of a tax deed under a sale of the certificate of sale on the property under IC 6-1.1-24-6.1 or IC 6-1.1-24-6.8, or with respect to penalties described in section 4(k) of this chapter, all taxes and special assessments, penalties, and costs have been paid.

(4) The notices required by this section and section 4.5 of this chapter have been given.

(5) The petitioner has complied with all the provisions of law entitling the petitioner to a deed.

(Subsequently amended by Pub. L. No. 251-2015, § 22 (eff. July 1, 2015)).

*Discussion*

[10] The issue is whether the trial court's judgment is clearly erroneous. The trial court's findings of fact control as to the issues they cover and a general judgment will control as to the issues upon which there are no findings. *M Jewell, LLC v. Powell*, 954 N.E.2d 1053, 1055 (Ind. Ct. App. 2011). We review findings for clear error and we review conclusions of law *de novo*. *Id.* A judgment is clearly erroneous if no evidence supports the findings, the findings do not support the judgment, or the trial court applied the wrong legal standard. *Id.* We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility. *Trust No. 6011, Lake Cty. Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012), *trans. denied*.

[11] The Town asserts that the trial court erred in failing to issue a tax deed to it for Black's property because Black did not redeem the property within the statutory timeframe. It further argues that the court erred in finding that the unpaid penalties were $210.56 and that Black was not entitled to equitable relief because he did not file an objection to the Town's petition for a tax deed.

[12] Black contends that he properly followed the notice provided to him when he inquired at the Auditor's office about the amount needed to redeem his property in a timely manner following the tax sale, that after realizing the error the Auditor fashioned a solution that allowed him to quickly pay the remaining costs, and that he acted promptly to do so. He also argues that the Town did

not object to the hearing or his appearance and testimony at the hearing. The Auditor and Treasurer maintain that the court properly exercised its equitable powers as Black was prejudicially misled by the amount provided to him by the Auditor's office. They argue that the facts in this case are very similar to those in *M Jewell* where the court affirmed the trial court's determination that the party wishing to redeem his property was prejudicially misled by information given to him by a county office. They also argue that the court was able to enter equitable relief even if Black did not file a written objection, that if Black had filed an objection the court would have scheduled a hearing which is exactly what occurred, that the Town did not object to the scheduled hearing, and that Black properly relied on the Auditor's calculation of the redemption amount.

[13] Ind. Code § 6-1.1-24-9(d) provided at the relevant time that, if an assignment was made under the subsection, the period of redemption was 120 days after the date of the assignment. Ind. Code § 6-1.1-25-2 provided in part:

> (a) The total amount of money required for the redemption of real property equals:
>
>> (1) the sum of the amounts prescribed in subsections (b) through (f); or
>>
>> (2) the amount prescribed in subsection (g);
>
> reduced by any amounts held in the name of the taxpayer or the purchaser in the tax sale surplus fund.
>
> * * * * *
>
> (f) The total amount required for redemption includes, in addition to the amounts required under subsections (b) and (e),

all taxes, special assessments, interest, penalties, and fees on the property that accrued after the sale.

(Subsequently amended by Pub. L. No. 251-2015, § 20 (eff. July 1, 2015)).

[14] We first observe that the trial court's findings that Black went to the Auditor's office to determine the amount due to redeem the property and paid the amount he was provided, that he did not have unclean hands, and that he relied upon the information provided by the Auditor are supported by the evidence. The trial court found that Black went to the Auditor on or about February 24, 2015, for the purpose of determining the amount due to redeem the property from tax sale, that he was provided with the figure of $26,557.85 by the Auditor, who had obtained the figure from SRI, as representing the total amount required for redemption, and that he paid that amount. The court also found that Black later paid the Auditor the remaining amount requested of $1,575.56. The trial court's findings are supported by the testimony and documents admitted at the April 22, 2015 hearing as set forth above and in the record, and the court's findings are not clearly erroneous.

[15] As to the trial court's decision to deny the Town's petition for a tax deed, we observe that, as a general proposition, the trial court "has full discretion to fashion equitable remedies that are complete and fair to all parties involved" and "[e]quity has power, where necessary, to pierce rigid statutory rules to prevent injustice." *Tajuddin v. Sandhu Petroleum Corp. No. 3*, 921 N.E.2d 891, 895 (Ind. Ct. App. 2010) (citing *Swami, Inc. v. Lee*, 841 N.E.2d 1173, 1178 (Ind. Ct. App. 2006), *trans. denied*).

[16]   In *M Jewell*, Max Powell's property was sold at a tax sale to M Jewell, LLC (Jewell) and he later went to the county treasurer's office, when he should have gone to the auditor's office, with the intention of redeeming his property. 954 N.E.2d at 1054. The treasurer's office assured Powell he needed to pay approximately $280 to redeem his property, and Powell wrote a check for that amount. *Id.* Later, after Jewell posted notice that Powell's property had been sold at a tax sale, Powell again went to the treasurer's office and attempted to redeem his property but an employee informed him that he would have to wait until after a hearing. *Id.* The redemption period later expired. *Id.* Jewell petitioned for a tax deed for Powell's property, Powell filed an objection, and after a hearing the trial court denied Jewell's petition and provided Powell thirty days to redeem his property by paying the outstanding balance to the auditor's office. *Id.* at 1054-1055.

[17]   Jewell appealed and argued the trial court erred in failing to issue a tax deed to it because Powell did not redeem his property within the statutory timeframe. *Id.* at 1055. We noted that the trial court found that Powell came to the court of equity with clean hands, that he personally appeared at the county treasurer's office with his checkbook in hand to redeem the property, and that he was given incorrect information by an employee of the treasurer's office on two occasions. *Id.* We also noted that the trial court found it would be unjust in light of Powell's good faith efforts to redeem his property to award his house to a company that had paid $5,000 toward its purchase. *Id.* In addressing Jewell's

argument that the trial court's order erroneously gave Powell an extra thirty days to redeem his property, we held:

> However, "[e]quity has power, where necessary, to pierce rigid statutory rules to prevent injustice." *Swami*, 841 N.E.2d at 1178. The trial court determined Powell was prejudicially misled by the incomplete information given to him by the Grant County Treasurer's Office, and that determination supports piercing the statutory rules to prevent injustice. *See Tajuddin v. Sandhu Petroleum Corp. No. 3*, 921 N.E.2d 891, 895 (Ind. Ct. App. 2010) (holding trial court properly denied a petition for a tax deed when the property owners thought they were paying property taxes on an improved parcel of land, but actually were paying taxes on a different, unimproved parcel because of an assessment irregularity).

*Id.* at 1056.

[18]   In this case, the trial court found that Black paid the Auditor $26,557.85 on February 24, 2015, that neither SRI nor the Auditor realized that the figure did not include penalties accruing after the tax sale, and that Black did not have unclean hands as would preclude equitable relief. The court further found that Black relied upon the information provided by the Auditor as to the amount owed for redemption, that the Auditor represented to all parties that the property had been redeemed, and that the loss to Black of property assessed at $91,000 for failure to pay penalties of $210.56 is a situation in which equity may act to pierce rigid statutory rules to prevent injustice.[8] The facts favorable to the

---

[8] According to the court, the unpaid penalty was $210.56, whereas the Commissioners informed Black that he needed to pay an additional $1,575.56 to redeem the property. Whichever amount should have been

judgment and the reasonable inferences to be drawn therefrom support the trial court's judgment. We also note that neither the Commission nor the Town paid any amount at the tax sale toward the purchase of Black's property.[9] Similar to in *M Jewell*, there is ample evidence in the record of Black's affirmative and good faith efforts to protect his ownership in his property prior to the expiration of the redemption period. Additionally, we agree with the court's conclusion that, while Ind. Code § 6-1.1-25-4.6 provides that a party may obtain a hearing by filing an objection, the court here did hold a hearing and was not prevented from exercising its equitable power where an objection was not filed.

[19] Based upon the record, we conclude the trial court did not err in entering its April 28, 2015 Order Denying Issuance of Tax Deed and granting Black equitable relief.

## *Conclusion*

[20] For the foregoing reasons, we affirm the judgment of the trial court.

[21] Affirmed.

Kirsch, J., and Mathias, J., concur.

---

included in the figure provided by the Auditor on February 24, 2015, Black paid the higher amount requested in the Commissioners' March 10, 2015 letter and the amount was not included in the redemption figure provided to Black by the Auditor and SRI on February 24, 2015.

[9] In *M Jewell*, the county sold Powell's property to Jewell for $5,000.